DANIEL GILLETT, ADMINISTRATOR OF THE ESTATE OF HAR-
RIET BRADLEY, DECEASED, V. SAMUEL NEEDHAM,
ADMINISTRATOR OF THE ESTATE OF
THADDEUS WILSON, DECEASED.

*Affidavit of Publication.*

When notice of application for a judicial order is required to be
published, the Michigan statute (Comp. L., § 5924) authorizes
the filing of an affidavit of its publication. *Held*, that a pro-
bate order appointing an administrator, and based on such an
affidavit, was invalid where the affidavit did not conform to
the statute, since it is only by the statute that the affidavit
has any force as evidence.

Where by the statute, proof of publication is allowed to be made
by the affidavit of " the printer of any such paper, or of his
foreman or principal clerk," an affidavit only made by " *a*
printer in the office of" — not naming any paper, is fatally
defective.

Where an order of court expressly refers to a specific affidavit
as the evidence on which it is based, it can not be presumed
that there was other evidence.

Although the appointment of an administrator cannot be inquired
into collaterally by a stranger to the proceedings, parties
whose interests are prejudiced may always take advantage
of a want of jurisdiction.

Case made from St. Joseph.    Submitted June 6 and 7.
Decided June 20.

ASSUMPSIT on a promissory note.    The claim was dis-
allowed by the commissioners on an intestate's estate, and
their decision being confirmed by the probate court, an
appeal was taken to the circuit, where the court ordered an
issue to be made up, and found in favor of the claimant.
Judgment was accordingly entered against the appellee, and
the cause was brought before the Supreme Court on a case
made.

*Upson & Thompson* for plaintiff.    Unforeclosed mort-
gages are personal assets (*Albright v. Cobb*, 30 Mich., 355)

and only the administrator of an intestate can take charge of them (*Abbott v. Godfroy's Heirs*, 1 Mich., 185) or sue for them (*Morton v. Preston*, 18 Mich., 60; *Gilkey v. Hamilton*, 22 Mich., 283; *Hollowell v. Cole*, 25 Mich., 345) and not the next of kin. *Cullen v. O'Hara*, 4 Mich., 132.

*J. B. Shipman* for defendant. Where all parties beneficially interested in an estate have adjusted their interests in it without mistake or fraud, the settlement is binding on them, and none of them can defeat it by procuring administration. *Hibbard v. Kent*, 15 N. H., 516; *Clarke v. Clay*, 31 N. H., 393; *George v. Johnson*, 45 N. H., 456; *Giles v. Churchill*, 5 N. H., 337; *Taylor v. Phillips*, 30 Vt., 238; *Babbitt v. Bowen*, 32 Vt., 437; *Kilcrease v. Shelby*, 23 Miss., 161; *Reid v. Butt*, 25 Ga., 28. One cannot recover as administrator without showing that he is so (*Albright v. Cobb*, 30 Mich., 361) and jurisdiction to appoint him depends on conformity to the statute; proof of publication of the notice of the preliminary hearing must name the paper in which it was published (*Powers' Appeal*, 29 Mich., 508) and describe the affiant on oath, and not by way of recital. *Hill v. Hoover*, 5 Wis., 354. Without proper proof of statutory notice, the appointment is void. *Langworthy v. Baker*, 23 Ill., 484; *Torrance v. McDougald*, 12 Ga., 526; *Succession of Talbert*, 16 La. Ann., 230; *Cobb v. Newcomb*, 19 Pick., 336; *Damouth v. Klock*, 29 Mich., 289, 293.

COOLEY, C. J. This is a somewhat extraordinary case. The main facts are the following:

In January, 1866, Harriet L. Bradley died intestate leaving her four brothers, Thaddeus Wilson, Milo Wilson, Almon Wilson and William Wilson her heirs at law. Her property consisted of a note and mortgage for $1,800, given to her by Thaddeus. It is not known that she left any debts owing by her. After her death the heirs agreed upon a division of the property between them, and it was carried into effect by Thaddeus paying to each of the others his proportion. Notwithstanding this, in November 1873, Wil-

liam Wilson applied to have letters of administration issued on his sister's estate, and they were issued accordingly to Daniel Gillett, his son-in-law. The administrator is now seeking in this suit to enforce against the estate of Thaddeus Wilson, who died in 1870, the same claim which once has voluntarily been apportioned by the heirs between them. What satisfactory reason there can be for this is not apparent, as the defendant estate, if it pays the moneys, will be entitled to recover back again from the very persons to whom distribution will be made, so that the costs of administration will be incurred for the purpose of reaching at a future time and by circuity, a result which substantially was attained before by voluntary action, without legal proceedings and without expense.

The defense is based in part on the voluntary arrangement, but in part also on alleged defects in the plaintiff's title as administrator. The latter should properly be first considered. It is claimed that the probate court by which the plaintiff was appointed never acquired jurisdiction to make the appointment.

Looking into the record we find no defects in the letters of administration, or in the order in pursuance of which they were issued. To authorize the making of such an order, however, it must have been shown to the court that the notice to parties concerned, which the statute requires, had previously been published; for while the court is one of general probate jurisdiction, it cannot take cognizance of particular cases until in some legal manner the parties are before it; and for the purposes of this proceeding they are brought before it by due publication of notice of the application for an appointment. This publication is to be made for three successive weeks in such newspaper as the judge of probate may direct. The order for notice in this case is in evidence, and it directs the notice to be published in the St. Joseph County Republican. The order appointing the administrator recites that the petitioner has shown "by affidavit on file, that a copy of the order of this court touching such hearing" "has been duly published, by which all persons interested have been duly notified of said hear-

ing." We are to find, therefore, in this affidavit, the proof which the probate court had that any notice had been published.

The affidavit appears in the record, and is as follows:

"PROBATE NOTICE.

STATE OF MICHIGAN, }
County of St. Joseph, } ss.

At a session of the Probate Court for the county of St. Joseph, holden at the Probate office in the village of Centreville, on Saturday the 22 day of November three in the year one thousand eight hundred and seventy-three.

Present,　———　———　———, Judge of Probate.
WM. H. CROSS.

In the matter of the estate of Harriet L. Bradley, deceased.

On reading and filing the petition, duly verified, of William Wilson a brother of said deceased praying among other things that administration may be granted in the estate of said deceased and that Daniel Gillett of Burr Oak may be appointed as administrator thereof.

Thereupon it is ordered that Friday, the 26th day of December next, at 10 o'clock in the forenoon, be assigned for the hearing of said petition, and the heirs at law of said deceased, and all other persons interested in said estate, are required to appear at a session of said Court, then to be holden at the Probate Office in the village of Centreville, and show cause, if any there be, why the prayer of the petitioner should not be granted. And it is further ordered, that said petitioner give notice to the persons interested in said estate, of the pendency of said petition, and the hearing thereof, by causing a copy of this order to be published in the St. Joseph County Republican, a newspaper printed and circulated in said county of St. Joseph, for three successive weeks, previous to said day of hearing.

(A true Copy.)　　　———　———　———,
Judge of Probate.

Filed　　187　　WM. H. CROSS

STATE OF MICHIGAN, }
County of St. Joseph, } ss.　　　　　H. Egabroad

A printer in the office of the ———　———, a paper printed and circulating in the county of St. Joseph, being duly sworn, deposes and says, that the annexed notice has been published in said paper at least once in each week for three successive weeks, and that the first publication thereof was on the 29th day of Nov 1873.

H. EGABROAD.

Sworn and subscribed to before me, this 26 day of December, A. D. 1873.                    WM. H. CROSS,
                                        Judge of Probate.''

The only statute under which such an affidavit could be admissible is section 5924 of the Compiled Laws, which reads as follows: ''When notice of any application to any court or judicial officer for any proceeding authorized by law is required by law to be published in one or more newspapers, an affidavit of the printer of any such paper or of his foreman or principal clerk, annexed to a printed copy of such notice taken from the paper in which it was published, and specifying the times when and the paper in which such notice was published, may be filed with the proper officer of the court, or with the judicial officer before whom such proceeding shall be pending, at any time within six months after the last day of the publication of such notice.''

Referring now to the affidavit, it is seen that it does not appear to be made by the printer of any paper, or by the foreman or principal clerk of such printer, but only by a printer in some office; it does not give a copy of the notice purporting to be taken from the paper in which it was published, nor does it specify any paper whatever. It is manifest, therefore, that the affidavit does not in any particular comply with the statute; and as without the aid of the statute the affidavit would have no force as evidence, we may dismiss it from consideration. It was an *ex parte* affidavit which at common law would not be evidence at all.

If the order appointing the administrator did not refer to this affidavit as the evidence of publication, we might suppose proof was made in some other form; but we can indulge in no such presumption when the particular evidence on which the court acted is pointed out. It follows that the court acted without evidence on the jurisdictional fact of notice.

Our attention is called to the fact that in *Cook v. Stevenson*, 30 Mich., 242, 245, the court decided that the regularity of the appointment of an administrator could not be collaterally inquired into. In that case the objection was made by a stranger to the proceedings, and the general rule

was declared and followed; but it was not intimated that a jurisdictional defect could be overlooked. A want of jurisdiction may always be taken advantage of by the parties whose interests were prejudiced.

The judgment must be reversed, and judgment entered for the defendant with costs of all the proceedings.

The other Justices concurred.