## Thomas Breen v. Samuel H. Pangborn.

*Administration of personal estate of married woman dying intestate.*

Under the Statute of Distributions the husband of a woman who dies intestate is entitled to one-third of her personalty, or to one-half if she leave but one child or a father, mother, brothers, sisters or their issue. No individual, under any circumstances, takes any larger interest than the husband. Comp. L., § 4377, subd. 7.

A husband has a right to be heard in regard to the appointment of an administrator for his wife's estate if she leaves any personalty, as he has an interest in the property.

Persons interested in the property left by an intestate can always raise the objection of any want of jurisdiction in the court which issues letters of administration ; but no one can be allowed to intervene in the affairs of an estate unless he is authorized by law to do so, or is personally interested.

Administration, when letters are issued on petition to the court, can only be granted to, or on application by, one or more of the persons specified in Comp. L., § 4379, viz., creditors and distributees; and as between these, only in this order, and under the contingency specified, of their being competent or willing to take the trust.

A woman died intestate leaving a husband and four minor children. The husband was a creditor to her estate, and applied for letters of administration, but the probate court issued them to a person who was neither a creditor nor a distributee, and did so on a petition

filed by the intestate's brother and setting forth on its face that there were lawful distributees residing in the county and that the petitioner was not interested. *Held* that the petition negatived the jurisdiction, and that in the absence of reasons for disregarding the petition of the husband, the appointment was void as against him.

Case made after judgment from Alpena. (Emerick, J.) June 6.—June 13.

REPLEVIN. Plaintiff had judgment below. **Reversed.**

*J. D. Turnbull* for plaintiff.

*J. B. Clayberg* for defendant.

CAMPBELL, J. Defendant, claiming to be administrator of the deceased wife of plaintiff, Mrs. Mary Ellen Breen, took from plaintiff a considerable amount of personal property, which plaintiff thereupon replevied, but in the court below judgment of return was given for defendant, and plaintiff brings error. The only question is whether defendant showed a superior right of possession.

The case finds that Mrs. Breen was formerly the widow and sole executrix and legatee of James Moran, who died in January, 1879. That his estate is not yet closed up, and that when defendant intermeddled with the property, there was no administrator de bonis non, and that an appointment made since this controversy arose is appealed from and undetermined. Mrs. Breen left four minor children—three by her first husband and one by plaintiff—and she died intestate April 1, 1881. Defendant was nominated to the probate court of Alpena county on the petition of one Robert Black, filed May 31, 1881. No written order was entered appointing him until May, 1882, after the trial of the suit below had begun, but letters were issued June 27, 1881. Plaintiff had made an earlier application than Black, in which he claimed to be creditor of his wife, but the probate court seems to have paid no attention to it. Black sets up his interest in the estate of Mrs. Breen as that of a brother merely, and his petition shows the existence of

the husband and four children, all residing in the county, of a father and mother of Mrs. Breen, and of two of her sisters. No personal notice was given to any one, and the action in the probate court seems to have been based upon some claim of publication, although the record does not show any order or proof of publication of any order.

Under our statute of distributions the husband of a deceased married woman is now entitled, if she dies intestate, to one-third of her personalty at all events, and to one-half if she leaves but one child or if she leaves no children but has a father, mother, brothers, sisters or their issue. If no such blood relatives, he takes the whole estate. There is no individual who takes under any circumstances a larger interest than the husband. In the present case, there being four children, he and his own child together took one-half of the property. Comp. L., § 4377, subd. 7.

The interests of Moran's estate, whatever they may have been, were not in the hands of any successor to Mrs. Breen, and therefore were not of any importance in determining this controversy. Here the question is between an alleged administrator of Mrs. Breen's estate, and her husband, who was personally entitled to a share of it, and was lawfully possessed of it at the time of the appointment.

Since the passage of the statute creating this right in him there can be no possible doubt of his right to be heard on the question of administration. It directly concerned him who should manage the estate in which he and his child were so largely interested. Whether he has, since the change in the law, any exclusive preference in claiming the appointment or not, this is not a record on which that question arises. But that he has a right to be heard in any controversy concerning his own property is manifest.

It was held in *Gillett v. Needham* 37 Mich. 143 that whatever may be the immunity of letters of administration against attacks from strangers, parties interested may always object to the want of jurisdiction in the court which issued them. And it is also clear that no one has any right to intervene, and no court can allow any one to intervene in

the affairs of an estate, unless he is either personally interested, or else authorized to do so by law. *Dickinson's Appeal* 2 Mich. 337; *Taff v. Hosmer* 14 Mich. 249; *Besancon v. Brownson* 39 Mich. 388. These cases are all in point on the present issue. As suggested in those cases, a stranger, if allowed to set proceedings in motion, obtains in most cases a power of exercising some control over them, besides involving parties in expense and litigation who may not desire it, or who may not be in a condition to look after their own interests. This case illustrates the danger as well as any. No personal notice to plaintiff is claimed to have been given, and so far as he is concerned the whole proceedings were practically ex parte. No guardian ad litem was appointed of the infants in his custody, and there was no one to represent any of them. Assuming, what there is neither evidence nor finding tending to show, that there was some, or that there was an entirely valid notice published, that would not necessarily, and it might not even probably, come to his notice. If, as is further claimed, the issue of letters is valid without any order in writing made by the court, there could have been nothing learned, even by perusing the records, which would enable a party to know that an appeal was desirable or possible.

Without passing upon any of these questions of procedure, which could only become important by the application of some authorized person for the granting of letters, it is sufficient to say that under our statutes administration can only be granted to or on application of one or more of the persons specified in the statute itself, and as among them can only be granted in the order and under the contingency specified. The only persons having a right to letters are the persons interested as creditors and distributees, and in all cases the grant must be made to some of those persons or their nominees, if competent or willing to take the trust. Comp. L. § 4379.

In this case it appeared expressly, on the face of the petition, not only that there were lawful distributees residing in the county, but that the petitioner was not even re-

motely interested in either capacity. The jurisdiction is completely negatived by the petition itself. It also appeared that the plaintiff had applied for letters under circumstances which made it obligatory on the probate court to appoint him administrator (or some other creditor equally well entitled), unless incompetent to take upon him the administration. § 4379 subd. 3. What right the judge of probate had to disregard this application does not appear. But it does appear that Black's application was unlawful—and defendant's appointment was void as against plaintiff.

The judgment must be reversed and judgment rendered for plaintiff on the finding, with nominal damages, and with costs of both courts.

GRAVES, C. J. and COOLEY, J. concurred.