*In re* CAMERON'S ESTATE.

APPEAL OF SUSIE SMITH.

1. GUARDIAN AND WARD — INCOMPETENTS — JURISDICTIONAL DEFECTS.

A petition filed in probate court to revoke the letters of guardianship of appellant, on the ground that the order of appointment failed to comply with the law by appointing a guardian of the person only instead of both person and estate, and on the additional grounds of neglect of duty and competency of the petitioner, does not estop the petitioner to question the defective proceedings for appointment on the theory that

the petition was based on 3 Comp. Laws, § 8724. *Cornett* v. *Cornett*, 122 Mich. 685 (81 N. W. 920), distinguished; jurisdictional defects being relied on in this petition in probate court.

2. SAME—ORDER APPOINTING GUARDIAN OF INCOMPETENTS — SUBJECTS OF GUARDIANSHIP.

The order appointing a guardian for an incompetent under 3 Comp. Laws, § 8710, must include both person and estate.

3. SAME—DE FACTO GUARDIAN—ACCOUNTING.

A guardian appointed under a defective order, who proceeds to administer the estate, becomes a guardian *de facto* and is liable to account for property received from the beneficiary's estate, when called upon therefor in a petition for revocation of the appointment and an accounting.

Error to Newaygo; Palmer, J. Submitted May 3, 1909. (Docket No. 64.) Decided July 6, 1909.

Petition by Hiram Cameron for the revocation of the appointment of Susie Smith as guardian. An order of the circuit court affirming an order revoking her letters of guardianship on appeal from the probate court is reviewed by defendant on writ of error. Affirmed.

*Turner & Turner* (*Cross, Lovelace & Ross*, of counsel), for appellant.

*George Luton* (*A. G. Day*, of counsel), for appellee.

MONTGOMERY, J.   This is a proceeding instituted by petition of Hiram Cameron, which alleges that he was, at the date of filing the petition, 36 years of age; that on the 11th of March, 1901, he was the owner of a certain description of land in Newaygo county, and was also the owner of certain personal property of the value of $440; that on the 11th of March, 1901, Ida Fortune, a sister of petitioner, filed in the probate court a petition praying that she be appointed guardian of the personal estate of Cameron; that an order was made on the 9th of April appointing one Susie Smith as guardian of the petitioner,

and without stating in the order that she was to be guardian of the estate, as he is informed and believes; that on May 25, 1901, the then judge of probate issued an appraiser's warrant to certain named parties, directing them to appraise the estate; that the warrant and inventory were filed, from which it appears that Susie Smith did not verify the inventory of property as required by law; that on the 4th of April, 1901, Susie Smith was required by the order of the court to file a bond with sufficient sureties in the penal sum of $800, and that said Susie Smith filed a bond with only one surety, as petitioner is advised and believes; that said Susie Smith has not since her appointment as guardian rendered an account on oath of the property in her hands which she was required to do once each year after her appointment as such guardian; that said Susie Smith has not furnished the petitioner to exceed the sum of $75, and that during the last three years she has only furnished him with one suit of clothing, a hat, and pair of shoes, and he has had to support himself as a common laborer, and that she makes it so disagreeable and unpleasant that he cannot live with her; that petitioner is not now mentally incompetent, but on the contrary is mentally competent to have the charge, custody, and management of his person and estate. The prayer of the petition is that Susie Smith, as such guardian as aforesaid, be required to render to said court a full and complete account of her receipts and disbursements, and of the manner in which she has performed her said trust; that for the reasons above set forth concerning the same, said Susie Smith be removed as such guardian, her appointment to such trust be vacated, and her letters of guardianship be revoked and canceled. The probate court, and on appeal the circuit court, entered an order that the letters of guardianship to Mrs. Smith be revoked and canceled. From that order an appeal is taken to this court.

It is the contention of the appellant that the proceedings taken by the ward should be construed as instituted under

section 8724, 3 Comp. Laws, and that under the case of *Cornett* v. *Cornett,* 122 Mich. 685 (81 N. W. 920), no question was open except that of the present mental capacity of the ward. In that case, however, it appeared that the proceeding taken by the ward was distinctly under the section quoted, and that no question of the jurisdiction of the probate court was raised, but thereafter the ward filed a bill in chancery to impeach the proceedings in the probate court, regular on their face. What was held in that case was that, having invoked the jurisdiction of the probate court under section 8724, with full knowledge of all the facts, the complainant should be held estopped from complaining of fraud or jurisdictional defects set up in the bill. There was, so far as the record shows, no attempt to raise, in the proceedings instituted by the ward in the probate court, any question of the regularity of the proceedings by which the guardian was appointed. That case differs from the present in this essential particular. In this case it is set out that there was no order appointing Susie Smith guardian of the estate of the petitioner. It was held in *North* v. *Washtenaw Circuit Judge,* 59 Mich. 947 (26 N. W. 810), that it was essential that the adjudication concerning both person and estate should appear of record. This was reaffirmed in *Re Bassett,* 68 Mich. 353 (36 N. W. 97).

In *Gillett* v. *Needham,* 37 Mich. 143, it was held that whatever may be the immunity of letters of administration from attacks from strangers, parties interested may always take advantage of a want of jurisdiction in the court which issued them. This was reaffirmed in *Breen* v. *Pangborn,* 51 Mich. 29 (16 N. W. 188). In the present case there is no question that Susie Smith was *de facto* guardian of this ward. This gave him the undoubted right to have an accounting of her administration, if he saw fit to invoke the aid of the court which had assumed to make the appointment. This he might do without admitting the regularity of the appointment.

We see, therefore, no impropriety in the form of the petition which asks that the letters of guardianship be revoked and canceled, and also that an accounting be had. Such order was made, and the accounting has been had, which is before us for consideration in the case of *Smith* v. *Cameron*, 122 N. W. 564.

The order in the present case will be affirmed.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.