GRAND TRUNK WESTERN RAILROAD CO. *v.* KAPLANSKY.

SAME *v.* CALDWELL.

1. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—NONRESIDENCE.
Although the law does not expressly forbid appointment of a nonresident or foreign citizen as administrator of estate of decedent, the probate court may order the removal of an administrator for nonresidence (3 Comp. Laws 1929, § 15595).

2. SAME—APPOINTMENT—DISCRETION OF COURT.
Nonresidence of executor named in a will is ground for exercise of discretion both as to his appointment and removal (3 Comp. Laws 1929, § 15573).

3. SAME—PUBLIC ADMINISTRATOR—STATUTES.
Act providing for appointment of public administrator neither amends nor repeals, in its entirety, the act authorizing probate court to appoint, as administrator, the nominee of the widow, husband or next of kin, if such person be suitable (3 Comp. Laws 1929, §§ 15586, 15611 *et seq.*).

4. STATUTES—CONSTRUCTION.
If two statutes can be harmonized or reconciled in any reasonable manner, both should stand.

5. EXECUTORS AND ADMINISTRATORS — PUBLIC ADMINISTRATOR — MANDATORY APPOINTMENT—STATUTES.
Act providing for appointment of public administrator (3 Comp. Laws 1929, § 15612) was not intended to deprive probate court of right to appoint suitable and competent resident of this State as administrator of an estate upon nomination of widow or next of kin residing in the United States, but if there is no such person competent or willing to nominate then appointment of public administrator is mandatory rather than appointment of creditors or others as provided in 3 Comp. Laws 1929, § 15586, subd. 2; thus are the two acts reasonably and fairly harmonized.

6. SAME—FOREIGN CITIZENS AS APPOINTEES—PUBLIC ADMINISTRATOR.
Appointments of foreign citizens, residents of this State, as administratrixes of estates, rather than public administrator

*held,* not illegal, where appointments were made upon nomination of widow and next of kin, residents, of resident decedents (3 Comp. Laws 1929, §§ 15586, 15612).

7. COURTS—DIVERSITY OF CITIZENSHIP—JURISDICTION OF FEDERAL COURT.

Federal court has jurisdiction of suits on ground of diversity of citizenship if citizenship of executor or administrator of a party is diverse from that of the opposite party, notwithstanding testate or intestate might not have had such diversity of citizenship.

POTTER, C. J., and NELSON SHARPE and EDWARD M. SHARPE, JJ., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 3, 1934. (Docket Nos. 36, 37, Calendar Nos. 37,914, 37,915.) Decided January 7, 1935. Rehearing denied March 5, 1935.

Separate bills by Grand Trunk Western Railroad Company, a consolidated railroad corporation under the laws of Michigan and Indiana, against Sadie Kaplansky, special administratrix of the estate of Austin Earl Meshberger, deceased, and others and Victoria Caldwell, administratrix of the estate of Robert Witherspoon, deceased, and others for injunctions restraining defendants from prosecuting, testifying in, or assisting in, prosecution of suits in Federal court against plaintiff. Bills dismissed. Plaintiff appeals. Affirmed.

*H. V. Spike* and *W. W. MacPherson,* for plaintiff.

*Alvin D. Hersch,* for defendants.

BUTZEL, J. The order dismissing the bill of complaint should be affirmed. There is much to be said against the appointment of nonresidents as well as residents who are citizens of foreign nations, as administrators of estates. It is quite obvious that the

appointment of such persons as a rule is sought solely for the purpose of bringing litigation on behalf of the estate within the jurisdiction of the Federal court. While the law does not expressly forbid the appointment of a nonresident as an administrator, the probate court may nevertheless order the removal of an administrator for nonresidence. 3 Comp. Laws 1929, § 15595. Nonresidence is ground for the exercise of discretion both as to the appointment and the removal of an executor named in the will. *Breen* v. *Kehoe,* 142 Mich. 58 (1 L. R. A. [N. S.] 349, 113 Am. St. Rep. 558) ; 3 Comp. Laws 1929, § 15573. One textbook writer has gone so far as to state that the conclusion to be drawn from the statute is that nonresidents are incompetent to be originally appointed as administrators. *Breen* v. *Kehoe, supra.* In the instant case both decedents were residents of this State. In the one case the widow, a resident of this State, petitioned the court to appoint a citizen of the Union of Socialist Soviet Republics (Russia) as administratrix; in the other, the parents of the decedent, being the next of kin and residents of this State, petitioned for the appointment of a citizen of Great Britain as administratrix. Administration was issued as requested. The appointees, though aliens, are residents of this State. We feel that there is an impropriety in the appointment of citizens of foreign governments as officers of the law. An administrator should be amenable to process at all times. An alien may reside here only temporarily. We frown upon such an appointment although the law does not directly forbid it. Such practice, however, can be avoided by the probate judge in the exercise of his discretion or it can be outlawed by legislation. The latter we cannot direct.

I do not believe, however, that the act providing for public administrators, 3 Comp. Laws 1929, § 15611 *et seq.,* amends or repeals in its entirety 3 Comp. Laws 1929, § 15586, which authorizes the court to appoint as administrator the nominee of the widow, husband or next of kin if such person be suitable or competent to discharge the trust as administrator of the estate.   3 Comp. Laws 1929, § 15586, *supra,* provides:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"1.   The widow, husband or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin or grantee may request to have appointed, if suitable and competent to discharge the trust;

"2.   If the widow, husband, next of kin or grantee, or the person selected by them shall be unsuitable or incompetent, or if the widow, husband, next of kin or grantee shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it;

"3.   If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

Section 15612, 3 Comp. Laws 1929, relied upon in the foregoing opinion (Justice POTTER's) as mandatory, states in the second section that: "When-

ever there is no widow, husband or next of kin entitled to a distributive share in the estate of the decedent, resident of the United States, competent or willing to take out letters of administration on such estate," a public administrator shall be appointed. In the cases at bar it appears that each of the decedents, as well as the widow in the one case and the next of kin in the other, were residents of this State. There is no showing whatsoever that either the widow or the next of kin were not competent to act. Moreover they did act, when they petitioned the court to appoint persons by them specified. 3 Comp. Laws 1929, § 15612, *supra,* was adopted subsequent to 3 Comp. Laws 1929, § 15586. There is nothing in either the title or body of the public administrator act (3 Comp. Laws 1929, § 15612 *et seq.*) declaring an intent to repeal 3 Comp. Laws 1929, § 15586 *et seq.* If the two acts can be harmonized or reconciled in any reasonable manner, both should stand. We do not believe it was the intention of the legislature to deprive the court of the right to appoint suitable and competent residents of this State, at the request of the widow or next of kin, who may be inexperienced in business and may therefore prefer to have the estate administered by some trusted relative, friend, or business associate, or some other able person. It will be noted that the earlier statute, 3 Comp. Laws 1929, § 15586, subd. 2, provides that (1) where the widow, husband or next of kin, or the person selected by them, shall be unsuitable or incompetent, or (2) where the widow, husband or next of kin shall neglect to apply for administration, or (3) where the widow, husband or next of kin shall neglect to request that administration be granted to some other person, administration may be granted to one or more of the

principal creditors, if any such are competent and willing to take it, or, in the event that there are none, then to such other person or persons as the court may think proper. We believe it was the purpose of 3 Comp. Laws 1929, § 15612, to make it mandatory upon the court to grant administration to the public administrator, rather than to creditors or to any other person, in the situations specified in 3 Comp. Laws 1929, § 15586, subd. 2, quoted above. Thus 3 Comp. Laws 1929, § 15612, should be interpreted as requiring the granting of administration to the public administrator only where there is no widow, husband or next of kin residing in the United States, competent or willing to themselves act as administrator or to request the appointment of another as administrator. In this manner the two acts can reasonably and fairly be harmonized.

We therefore hold that under the facts in the instant cases the appointments were not illegal. It is unnecessary to discuss whether the appointment of an administrator may be attacked collaterally in another court. The jurisdiction of the Federal courts over suits by administrators whose citizenship is diverse from that of the opposing party has been definitely upheld in the case of *Mecom* v. *Fitzsimmons Drilling Co., Inc.*, 284 U. S. 183, 186 (52 Sup. Ct. 84, 77 A. L. R. 904), where the court stated:

"It is settled that the Federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship. *Childress* v. *Emory*, 8 Wheat. (21 U. S.) 642; *Coal Co.* v. *Blatchford*, 11 Wall. (78 U. S.) 172; *Rice* v. *Houston*, 13 Wall. (80

U. S.) 66; *Amory* v. *Amory,* 95 U. S. 186; *Blake* v. *McKim,* 103 U. S. 336; *American Bible Society* v. *Price,* 110 U. S. 61 (3 Sup. Ct. 440); *Continental Insurance Co.* v. *Rhoads,* 119 U. S. 237 (7 Sup. Ct. 193). * * *

"His citizenship (the administrator's) rather than that of the beneficiaries, is determinative of Federal jurisdiction. * * *

"It has been held that the same rule applies in the case of suits by administrators to recover for death by wrongful act, whether the statute provides that the amount recovered be for certain relatives of the decedent or be general assets of the estate. *Harper* v. *Railroad Co.,* 36 Fed. 102; *Popp* v. *Railway Co.,* 96 Fed. 465; *Cincinnati H. & D. R. Co.* v. *Thiebaud,* 52 C. C. A. 538 (114 Fed. 918); *Bishop* v. *Railroad Co.,* 117 Fed. 771; *Memphis St. R. Co.* v. *Bobo,* 146 C. C. A. 634 (232 Fed. 708). * * *

"His appointment was regular and in accordance with the statutes; and the decree of the probate court may not be collaterally attacked in the present proceeding. See *McGehee* v. *McCarley,* 33 C. C. A. 629 (91 Fed. 462); *American Car & Foundry Co.* v. *Anderson,* 127 C. C. A. 587 (211 Fed. 301). It is nevertheless insisted that if the petitioner's appointment was accomplished for the purpose of avoiding diversity of citizenship and consequent removal into the United States court, the parties to that proceeding,—the petitioner, the widow, and her attorney,—were in a conspiracy to defeat Federal jurisdiction.

"But it is clear that the motive or purpose that actuated any or all of these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship. To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and

motives of the parties before that court when, confessedly, they practiced no fraud upon it.''

The order of the trial court dissolving the preliminary injunction and dismissing the bill is affirmed, with costs to defendants.

North, Fead, Wiest, and Bushnell, JJ., concurred with Butzel, J.

Potter, J. (*dissenting*). The questions involved in these cases are identical. They were briefed and heard together.

The facts stated in detail are those involved in *Grand Trunk Western Railroad Co.* v. *Caldwell, Administratrix,* and others.

May 8, 1934, the Grand Trunk Western Railroad Company filed a bill for an injunction restraining defendants, their agents, attorneys, counsellors, servants and employees, and each of them, by prosecuting an action for damages against plaintiff in the district court of the United States for the eastern district of Michigan, northern division; from testifying in said cause; giving any testimony by deposition; and for other relief. From a decree dismissing plaintiff's bill of complaint, it appeals.

The bill of complaint alleges that December 16, 1933, Robert Witherspoon was fatally injured at a crossing of plaintiff's railroad and Main street, in the village of Davison, Genesee county, Michigan; said Robert Witherspoon died intestate, leaving as surviving heirs his father, William Witherspoon, and his mother, Ann Witherspoon; neither the father nor mother of decedent, nor any of his next of kin, was competent, or, if competent, was willing to take out letters of administration of the estate of Robert Witherspoon, and, under 3 Comp. Laws

1929, § 15612, the administration of said estate should have been granted to the public administrator of the State of Michigan; the public administrator of the State of Michigan is Maxwell L. Black, of Detroit, and he has, under 3 Comp. Laws 1929, § 15611, appointed nine persons in Wayne county competent and qualified to administer the estates of decedents in Wayne county; petition was filed in the probate court for Wayne county for the appointment of Victoria Caldwell, a citizen of Great Britain, for the sole purpose of creating a diversity of citizenship, to enable her as such administratrix to begin suit against plaintiff for the death of Robert Witherspoon, in the United States district court, rather than in the courts of the State; the petition for the appointment of. Victoria Caldwell as administratrix does not disclose she is a citizen of Great Britain; her appointment is void and should be revoked; such appointment was a fraud upon the probate court and upon plaintiff; Victoria Caldwell, as administratrix, commenced suit in the United States district court for the eastern district of Michigan, northern division, against plaintiff for $75,000, and is represented by the defendants Hersch & Goldsmith as her attorneys; plaintiff is interested because the sole asset of such estate of decedent is a claimed right of action against plaintiff for negligently causing decedent's death; Victoria Caldwell is not an heir of decedent, not entitled to a distributive share of his estate, and it is doubtful if she has a right to be heard in the probate court on her appointment or removal; and the whole proceeding in the probate court of Wayne county is a fraud upon plaintiff, upon the State, and upon its courts.

Upon the filing of the bill of complaint, a temporary injunction was issued as prayed. Defendants appeared specially and moved to dissolve the injunction and dismiss plaintiff's bill of complaint, alleging the bill was not filed in good faith, but for the purpose of interfering with the trial of the law case commenced by defendant Caldwell, as administratrix, against plaintiff; plaintiff did not set forth the objections raised in the bill of complaint to the appointment of Victoria Caldwell as administratrix of decedent, nor attempt to have such questions passed upon in the Federal court; the appointment of Victoria Caldwell as administratrix was regular and proper under 3 Comp. Laws 1929, § 15586; no statute prohibits an alien from being appointed administratrix of an estate in this State; plaintiff may not inquire into the motives for petitioners asking for the appointment of Victoria Caldwell as administratrix of said estate; the alienage of Victoria Caldwell is no legal or equitable objection to her appointment as administratrix; she was regularly appointed, there was diversity of citizenship, and she could properly choose the forum in which to institute suit against plaintiff, and was not bound to consider the wishes of plaintiff in selecting the forum of litigation; plaintiff is a stranger to the estate of decedent and not a proper person to question the right of decedent's father and mother to nominate the administratrix of decedent's estate; the United States district court for the eastern district of Michigan, northern division, has assumed jurisdiction of the cause sought to be enjoined, and defendants are ready for trial therein; plaintiff should not be permitted to enjoin defendants from proceeding in that forum to a determination of the issues involved in the suit pending therein, there

being no allegations of fact sustaining bad faith or fraud upon the part of the defendants.

Copy of the probate proceedings in the matter of the estate of Robert Witherspoon, deceased, from the probate court of Wayne county, and a copy of the declaration, plea and notice in the suit begun by Victoria Caldwell, as administratrix, in the United States district court for the eastern district of Michigan, northern division, against plaintiff are presented by the record.

The same facts are involved in *Grand Trunk Western Railroad Co.* v. *Kaplansky, Special Administratrix,* except that decedent, Austin Earl Meshberger, left a widow; Sadie Kaplansky, a citizen of the Socialist and Soviet Republic of Russia, was appointed special administratrix and suit instituted against defendant in the United States district court for the eastern district of Michigan, northern division, for damages in the sum of $100,000.

The administratrixes appointed were special administratrixes and so designated by the orders of the probate court. Their appointment carries with it the power to act in collecting and taking charge of the estate of the deceased until an administrator shall be appointed. 3 Comp. Laws 1929, § 15588. No appeal may be allowed from the appointment of such special administratrix. 3 Comp. Laws 1929, § 15588. A special administrator may commence and maintain actions as an administrator. 3 Comp. Laws 1929, § 15589.

The Federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might

not have been entitled to sue, or been liable to suit, in those courts, for want of diversity of citizenship.

Where one is appointed administrator of an estate who is qualified to be appointed under' the law of the place of appointment, and the appointment is regular and in accordance with the statutes of the State of his appointment, the order or decree of the probate court appointing him may not be attacked collaterally. The motives and purposes which actuated the parties in securing the appointment of an alien as administrator may not be inquired into in a suit brought by such administrator to recover damages for the death of decedent for the reason it would be a collateral attack upon the order or decree of the probate court. *Mecom* v. *Fitzsimmons Drilling Co., Inc.*, 284 U. S. 183 (52 Sup. Ct. 84, 77 A. L. R. 904); *McCooey* v. *Railroad Co.*, 182 Mass. 205 (65 N. E. 62).

If the proceedings of the probate court appointing an administrator are not regular on their face, they may be attacked collaterally; but if the proceedings of the probate court resulting in the appointment of an administrator appear regular upon their face, and their irregularity may be attacked. only by evidence not disclosed by the record of the probate court itself, such attack must be in a direct proceeding for that purpose, it being well settled the orders and decrees of a probate court regular upon their face are not subject to collateral attack. *Cook* v. *Stevenson*, 30 Mich. 242.

Such orders and decrees must be attacked in some manner provided by law. VanFleet, Law of Collateral Attack, p. 4.

A direct attack upon an order, judgment or decree must be made in an appropriate proceeding seeking to have it revised, annulled, vacated, or declared

void. *Pope* v. *Harrison,* 84 Tenn. 82; *Buchanan* v. *Bilger,* 64 Tex. 589.

Under our system of government, State courts may not enjoin the action of Federal courts. State courts have no supremacy over Federal courts. If they were permitted to enjoin the Federal courts, it would interfere with the independence of the Federal judiciary, which is not permissible. *Central National Bank* v. *Stevens,* 169 U. S. 432 (18 Sup. Ct. 403). The injunctions issued in these cases are not directed against or to the Federal court. They are addressed to the litigant parties, to prohibit them from resorting to the jurisdiction of the Federal court. Such injunctions operate *in personam,* and, instead of denying the jurisdiction of the Federal court, virtually admit such jurisdiction. 32 C. J., pp. 83, 84; 14 R. C. L., pp. 408-416; 6 Pomeroy's Equity Jurisprudence (3d Ed.), § 637; *Dunnebacke* v. *Railway Co.,* 248 Mich. 450; *Pere Marquette R. Co.* v. *Slutz,* 268 Mich. 388.

The deceased persons, for whose estates special administratrixes were appointed by the probate court of Wayne county, were citizens and residents of Wayne county prior to their death. One of them, Robert Witherspoon, left a father and mother. The other, Austin Earl Meshberger, left a widow.

Section 15586, 3 Comp. Laws 1929, provides that administration shall be granted to some one or more of the persons therein mentioned, and they shall be respectively entitled to the same in the order prescribed by statute:

"1. The widow, husband, or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin or grantee may request to have

appointed, if suitable and competent to discharge the trust;

"2. If the widow, husband, next of kin or grantee, or the person selected by them shall be unsuitable or incompetent, or if the widow, husband, next of kin or grantee shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it.

"3. If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

The statute above quoted is a part of the judicature act, Act No. 314, Pub. Acts 1915, and must be construed in connection with 3 Comp. Laws 1929, § 15612, enacted as a part of Act No. 15, Pub Acts 1923. So far as inconsistent with the latter act, it is superseded thereby.

Section 15611, 3 Comp. Laws 1929, provides for the appointment of a public administrator in this State. It is alleged and not denied, such public administrator has been appointed. It is the duty of the probate court to grant administration of the estates of persons dying intestate to the public administrator, "whenever there is no widow, husband or next of kin entitled to a distributive share in the estate of the decedent, resident in the United States, competent or willing to take out letters of administration on such estate." 3 Comp. Laws 1929, § 15612.

Similar statutes are in force in other States. 24 C. J. p. 1201.

It has been held the statute in relation to general administrators places the widow first, then the next

of kin, in the order of persons entitled to administration, and such right of priority extends to those who may request the appointment of some other person. *Breen* v. *Pangborn,* 51 Mich. 29; *Lloyd* v. *Wayne Circuit Judge,* 56 Mich. 236 (56 Am. Rep. 378); *McFarlan* v. *McFarlan,* 155 Mich. 652; *In re Dettman's Estate,* 195 Mich. 231; *In re Morgan's Estate,* 209 Mich. 65; *In re Berner's Estate,* 217 Mich. 612. These cases were decided prior to the effective date of the statute providing for the appointment of public administrators, which statute is mandatory in its terms and leaves the probate court no discretion in the appointment of an administrator. *Breen* v. *Pangborn, supra;* 23 C. J. pp. 1033, 1034, and cases cited.

The duty of the probate court was to appoint the public administrator administrator of the estate of each of decedents; or, to appoint some person qualified and competent to administer said estates designated by the public administrator, in pursuance of 3 Comp. Laws 1929, § 15611.

Probate courts are not common-law courts. *Grady* v. *Hughes,* 64 Mich. 540; *Rodgers* v. *Huntley,* 166 Mich. 129.

"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law." *Grady* v. *Hughes, supra,* 545.

Section 15519, 3 Comp. Laws 1929, prescribes the jurisdiction of probate courts and provides:

"That the jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter."

The State may prescribe to whom administration of the estate of a deceased intestate, resident therein, shall be granted; but no probate court may, under the Constitution and statutes of this State, legally do that which the statute from which it derives all its authority says it shall not do.

It is claimed the probate proceedings are regular on their face, and do not disclose the alienage of the persons appointed administratrixes. But the probate proceedings here involved do disclose that the probate court should, under the statutes, have appointed the public administrator as administrator of each of the decedent estates; and it was without jurisdiction to do otherwise.

Jurisdiction may not be conferred upon the probate court by consent, *Allen* v. *Carpenter*, 15 Mich. 25; *Kirkwood* v. *Hoxie*, 95 Mich. 62 (35 Am. St. Rep. 549); *Hull* v. *Hull*, 149 Mich. 500; *Maslen* v. *Anderson*, 163 Mich. 477; *People* v. *Meloche*, 186 Mich. 536; *Carpenter* v. *Dennison*, 208 Mich. 441; and want of jurisdiction may be taken advantage of at any time, *Greenvault* v. *Farmers' & Mechanics' Bank*, 2 Doug. 498; *Farrand* v. *Bentley*, 6 Mich. 280; *Attorney General, ex rel. Lockwood*, v. *Moliter*, 26 Mich. 444; *Adams* v. *Hubbard*, 30 Mich. 104; *Woodruff* v. *Ives*, 34 Mich. 320; *Horton* v. *Howard*, 79 Mich. 642 (19 Am. St. Rep. 198); *Tromble* v. *Hoffman*, 130 Mich. 676; *Attorney General, ex rel. Wolverine Fish Co.*, v. *A. Booth & Co.*, 143 Mich. 89; 17 Am. & Eng. Enc. of Law (2d Ed.), p. 1062; 15 C. J. p. 847, and particularly by anyone whose interests are affected thereby, *Gillett* v. *Needham*, 37 Mich. 143; *Breen* v. *Pangborn, supra; In re Cameron's Estate*, 157 Mich. 398; *In re Phillips*, 158 Mich. 155; *Olson* v. *Preferred Automobile Ins. Co.*, 259 Mich. 612; and where, as here, the duty of the probate court

was to appoint the public administrator administrator of the estates in question, the appointment of any other person than the one legally entitled to such appointment is open to attack, *Olson* v. *Preferred Automobile Ins. Co., supra.*

If a person has been appointed administrator of an estate of a deceased person contrary to the prevailing rules of law, the error must be corrected by proceedings instituted for that purpose. *Reynolds* v. *Lloyd Cotton Mills,* 177 N. C. 412 (99 S. E. 240, 5 A. L. R. 284); *Dobler* v. *Strobel,* 9 N. D. 104 (81 N. W. 37, 81 Am. St. Rep. 530); 23 C. J. p. 1033.

An action to enjoin an administrator from taking action which he could lawfully take, if legally appointed, on the ground his appointment was illegal and void, is a direct attack upon the validity of the action of the probate court in appointing him.

The right of action, if any, against plaintiff railroad company for the wrongful death of decedents constitutes an asset of the estate of each of decedents. *Findlay* v. *Railway Co.,* 106 Mich. 700.

The compensation or damages which may be collected from plaintiff herein for the death of decedents, in the suits instituted in the Federal court by defendant administratrixes, constitutes a trust fund to be distributed by the administratrixes in accordance with law.

In this class of cases, the contest is between the persons liable to respond in damages and the persons who would recover such damages and be trustee for the distribution thereof. The person liable in damages has a direct pecuniary interest in the amount it has to pay, if anything; and the amount it has to pay, or may have to pay, under the facts involved in this case depends, or may depend, to some extent upon whether the administratrixes se-

lected are aliens or citizens. We think plaintiff has such an interest in the person and citizenship of the individuals selected as administratrixes as entitles it to complain of the want of jurisdiction of the probate court to appoint them; of the violation of the statutory duty, by the probate court, in appointing aliens administratrixes in violation of the law providing for the appointment of the public administrator; and to attack the proceedings in the probate court by bill in equity to enjoin the parties so illegally appointed administratrixes from proceeding in the Federal court to prosecute suits against plaintiff. The precise question was involved in *Reynolds* v. *Lloyd Cotton Mills, supra,* 424, where it is said:

"It is suggested, and was so held by the judge, that defendant has no interest in the matter concerning the validity of the appointment of plaintiff as administrator, and therefore could not move to vacate it. Why he has not we fail to see. It would appear that it is vitally interested in the question and is about the only party who is concerned. Plaintiff, as administrator, has brought this suit to recover large damages against the defendant, and the latter has the clear right to inquire if he is entitled to sue."

See, also, *Pere Marquette R. Co.* v. *Slutz, supra.*

The decree of the trial court should be reversed, with costs, and a decree entered in accordance with the prayer of plaintiff's bills of complaint.

Nelson Sharpe and Edward M. Sharpe, JJ., concurred with Potter, C. J.