*In re* JONES

JONES v BURR

Docket No. 57140. Submitted October 15, 1982, at Lansing.—Decided September 13, 1983.

The Hillsdale County Probate Court entered an order purporting to appoint Norman Burr guardian of both the person and estate of Carl L. Jones. Jones had signed a petition for guardianship prepared by Burr and naming Burr as guardian, however, the petition and proceedings thereon were legally inadequate in several respects. Jones thereafter filed a petition in the Hillsdale County Probate Court seeking to discharge the guardian, an accounting and damages. Jackson County Probate Judge Kevin Daly, sitting by assignment, terminated the guardianship and ordered an accounting. Following a later hearing, Judge Daly allowed the account, finding no impropriety on the part of Burr. Jones appealed to the Hillsdale Circuit Court and Lenawee Circuit Court Judge Kenneth Glaser, Jr., was appointed to hear the appeal. Judge Glaser found that the Hillsdale County Probate Court had no jurisdiction to impose the original guardianship and, therefore, no jurisdiction to settle any further disputes between Jones and Burr. The circuit court held that Jones's only remedy for the imposition of an invalid guardianship was to sue for breach of contract or tort in a court of appropriate jurisdiction. The Court of Appeals granted Jones's delayed application for leave to appeal. *Held:*

1. The probate court had statutorily conferred jurisdiction to order an accounting under the circumstances of this case. Supreme Court precedent indicates that the probate court could terminate the guardianship and order an accounting.

2. The evidence does not preponderate contrary to the probate court's findings in allowing the account by Burr.

The circuit court's order is reversed and the probate court's order allowing the account is affirmed.

References for Points in Headnotes

[1, 2] 39 Am Jur 2d, Guardian and Ward §§ 3, 162.

[2] 39 Am Jur 2d, Guardian and Ward § 50.

[3] 4 Am Jur 2d, Appeal and Error § 139.

1. GUARDIAN AND WARD — DE FACTO GUARDIAN — ACCOUNTING.

 A de facto guardian is subject to all of the responsibilities that attach to a legally appointed guardian including the duty to account to his ward.

2. GUARDIAN AND WARD — DE FACTO GUARDIAN — ACCOUNTING — PROBATE COURTS — JURISDICTION.

 A probate court has jurisdiction to require a de facto guardian to account to his ward where the probate court's order creating the guardianship was void *ab initio* because of certain jurisdictional defects in the petition and proceedings thereon; the ward may seek termination of the guardianship and request the accounting in a single proceeding (MCL 700.21[d]; MSA 27.5021[d]).

3. APPEAL — PROBATE COURTS — FINDINGS OF FACT.

 The Court of Appeals will not reverse the findings of a probate court sitting without a jury unless the evidence clearly preponderates in the opposite direction.

Michigan Legal Services (by *Richard M. Skutt* and *Jennifer S. Bidwell),* and *Ellen Messing,* of counsel, for petitioner.

*Parker & Hayes, P.C.* (by *Lawrence L. Hayes, Jr.),* for respondent.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. This appeal presents the following issue: Where an order creating a guardianship is void *ab initio* for lack of probate court jurisdiction, does the probate court have authority to require the de facto guardian to account to his ward? The circuit court answered that question in the negative. We reverse the order of the circuit court and affirm the probate court's order allowing the account.

On October 3, 1977, appellant Carl L. Jones signed a petition for guardianship prepared by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appellee Norman Burr and naming Burr as guardian. Burr did not consult Jones about the information in the petition. Although the petition and proceedings thereon were legally inadequate in several respects, the Hillsdale County Probate Court entered an order purporting to appoint Burr guardian of both the person and estate of Jones. Burr took control over Jones's estate which consisted of approximately $9,628 in bonds and accounts which Jones owned jointly with his mother. During the existence of the guardianship, Jones's total estate was exhausted, in large part by monthly payments to the adult foster care home at which Jones resided. Jones now relies upon general assistance.

On or about August 7, 1979, Jones filed a petition in the Hillsdale County Probate Court seeking, *inter alia,* discharge of the guardian, an accounting and damages. On September 25, 1979, Jackson County Probate Judge Kevin Daly, sitting by assignment, terminated the guardianship and ordered an accounting. Following a hearing held on January 10, 1980, Judge Daly allowed the account, finding no impropriety on the part of Burr.

Jones appealed to the Hillsdale County Circuit Court and Lenawee County Circuit Judge Kenneth Glaser, Jr., was appointed to hear the appeal. Following a hearing, Judge Glaser found that the Hillsdale County Probate Court had no jurisdiction to impose the original guardianship and, therefore, no jurisdiction to settle any further disputes between Jones and his de facto guardian. The circuit court held that Jones's only remedy for the imposition of an invalid guardianship was to sue for breach of contract or tort in a court of appropriate jurisdiction. This Court granted Jones's delayed application for leave to appeal.

Both parties agree that the order creating the guardianship was void *ab initio* because of certain jurisdictional defects in the petition and proceedings thereon. The parties also agree that, as a de facto guardian, Burr was subject to all the responsibilities that attach to a legally appointed guardian, including the duty to account to his ward. The only dispute is whether the probate court has authority to order an accounting or whether appellant Jones's remedy lies in a court of general jurisdiction.

We believe this case is controlled by the Supreme Court's decision in *In re Cameron's Estate,* 157 Mich 398; 122 NW 278 (1909). In that case Susie Smith was appointed guardian of the petitioner, but the order failed to state that she was to be guardian of the estate. There were in addition certain procedural inadequacies in the guardianship. Upon the ward's petition, the probate court terminated the guardianship and ordered an accounting. The Supreme Court affirmed, stating:

"In this case it is set out that there was no order appointing Susie Smith guardian of the estate of the petitioner. It was held in *North v Washtenaw Circuit Judge,* 59 Mich 624; 26 NW 810 (1886), that it was essential that the adjudication concerning both person and estate should appear of record. This was reaffirmed in *In re Bassett,* 68 Mich 348; 36 NW 97 (1888).

"In *Gillett v Needham,* 37 Mich 143 (1877), it was held that whatever may be the immunity of letters of administration from attacks from strangers, parties interested may always take advantage of a want of jurisdiction in the court which issued them. This was reaffirmed in *Breen v Pangborn,* 51 Mich 29; 16 NW 188 (1883). In the present case there is no question that Susie Smith was *de facto* guardian of this ward. This gave him the undoubted right to have an accounting of her administration, if he saw fit to invoke the aid of the

court which had assumed to make the appointment. This he might do without admitting the regularity of the appointment. We see, therefore, no impropriety in the form of the petition which asks that the letters of guardianship be revoked and canceled, and also that an accounting be had." 157 Mich 401-402.

By statute, Michigan probate courts have exclusive jurisdiction over all of the following:

"(d) Appointment of a guardian, limited guardian, or conservator in cases prescribed by law, resolution of any contested matter in respect to the estate or ward, and settlement of the estate." MCL 700.21(d); MSA 27.5021(d).

We believe the statute confers jurisdiction on the probate court to order an accounting under the circumstances of this case. The concern for judicial economy favors permitting a ward to seek termination of a guardianship and request an accounting in a single proceeding. We also believe the probate courts are better suited to supervise an accounting by a de facto guardian than are courts of general jurisdiction.

Appellant Jones next contends that the probate court clearly erred in allowing the account filed by the de facto guardian. The probate court found that Burr acted in good faith, properly accounted for all of the funds handled by him, and charged a moderate and reasonable fee for his services. This Court will not reverse the findings of a probate court sitting without a jury unless the evidence clearly preponderates in the opposite direction. *In re Howarth Estate*, 108 Mich App 8, 10; 310 NW2d 255 (1981). This Court has reviewed the record and each of the items contested by appellant Jones and

finds that the evidence does not preponderate contrary to the probate court's findings.

The circuit court's order is reversed and the probate court's allowance of the account is affirmed.