*In re* ABRAMOVITZ' ESTATE.

APPEAL OF KATIE ABRAMOVITZ.

1. Executors and Administrators—Right to Appointment—Preferences—Incompetency.

Preferential right accorded widow by statute as to appointment or nomination of administrator of her deceased husband's estate is not an absolute right but is subject to discretion vested in probate court in case her incompetency or unsuitability, because of unsound mind, lack of average intelligence, intemperance, dishonesty, dissolute habits and other disqualifying moral delinquencies, is proved (3 Comp. Laws 1929, § 15586).

2. Same—Appointment—Statutory Preferences—Object.

> Object of statute according widow and next of kin preferential right as to appointment of administrator for deceased's estate is the interest of the estate as, ordinarily, a distributee would be most likely to convert the property to the best advantage of those beneficially interested (3 Comp. Laws 1929, § 15586).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 16, 1936. (Docket No. 67, Calendar No. 39,053.) Decided December 9, 1936.

In the matter of the estate of Benjamin Abramovitz, deceased. On petition of Leo Abramovitz for appointment of administrator. From appointment of John W. Babcock, Katie Abramovitz, widow, appealed to circuit court. From order affirming the appointment, she appeals. Affirmed.

*Stanley S. Krause*, for appellant.

*John W. Babcock*, *in pro. per.*

Fead, J. Benjamin Abramovitz died April 3, 1934, survived by his widow, Katie, a daughter Ethel, and three sons, Leo, Lewis and Morris. His estate consisted of four parcels of real estate, two of which he owned in common with Leo. At the time of hearing in probate court it appeared that some sort of a lien on the property owned solely by deceased had been foreclosed and the only property left to be administered was that held in common with Leo.

November 6, 1935, Leo was appointed special administrator. He filed a petition for appointment of himself or some other suitable person as general administrator. At the hearing in probate court the attorney for the widow orally objected to Leo's

appointment and nominated I. Ernest Sachs. There was no testimony taken upon Mr. Sachs' qualifications. After hearing the evidence, the court entered an order that the widow was an unsuitable person to administer the estate and appointed John W. Babcock, a disinterested attorney, whose suitability is not questioned by the parties.

The widow appealed to circuit court where further testimony was taken without objection and the court entered an order confirming the appointment of Mr. Babcock. The widow appeals, claiming the statutory right of appointment of herself or her nominee.

At the hearings it developed that there was a family controversy, with the mother and daughter on one side and the sons on the other. After the death of Benjamin, Ethel, under direction of her mother, collected the rents of the property, aggregating $5,407, put the money into her own private bank account, intermingled it with her own funds and, after the appointment of Leo as special administrator, refused to account to him or to cease collecting rents. She has made no offer to account to Mr. Babcock. The mother has supported the daughter in her conduct. The family feeling has become so bitter that Leo and one of the other sons testified that they considered their mother dishonest; and Ethel said Leo tried to collect the whole rent for the property held in common on the unfounded claim that his mother had so authorized him. Although counsel worked diligently to that end, the parties refused to agree upon a disinterested administrator, each insisting upon his own choice.

Appellant's contention is that, under the statute, she has absolute right of appointment or nomina-

tion in the absence of showing of her own incompetency, and no such showing was made.

3 Comp. Laws 1929, § 15586, provides:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"1. The widow, husband or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin or grantee may request to have appointed, if suitable and competent to discharge the trust."

This statute confers upon the widow a right of preference which, however, is not absolute. Its incidents are set out in *Re Morgan's Estate,* 209 Mich. 65:

"This statute gives to the widow not only priority amongst relatives who may be appointed but also priority amongst those who may request the appointment .of some other person. Whenever the question has arisen this court has emphasized that right. * * *

"All presumptions are in favor of the person to whom the statute gives preference. *Ex parte Small,* 69 S. C. 43 (48 S. E. 40). The widow is presumed under her statutory right to be competent and suitable, and is presumptively entitled to her choice as to who should administer her husband's estate. *Grece* v. *Helm,* 91 Mich. 450. It follows that the burden of proof rests on those contending to the contrary. That some discretion rests in the probate court there can be no doubt. If a fair issue of fact was raised by the evidence of those denying the widow's competency because of unsound mind,

lack of normal understanding or average intelligence, intemperance, dishonesty or want of integrity, dissolute habits or other disqualifying moral delinquencies, the discretion of the probate court can readily be conceded. No such questions are raised here.''

The reason for the preference was stated in *Re Berner's Estate,* 217 Mich. 612, 615:

''The object of the statute is the interest of the estate, hence, the placing of administration in the hands of a distributee, a person most likely to convert the property to the best advantage of those beneficially interested.''

In addition to these, there are certain other fundamental considerations which may move the probate court in the appointment of an administrator. An administrator occupies the position of a trustee for the persons interested in the estate. 11 R. C. L. p. 23. It is also true, as was said in *Ex parte Small,* 69 S. C. 43 (48 S. E. 40):

''The law provides administration as a means for the collection and distribution of assets. The right of those interested to have collection and distribution according to law is the dominant right; the right of any particular person to take charge of the assets is a secondary right. If the allowance of the claim to exercise this secondary right would result in defeating the main purpose to be attained, it must be refused.''

When the heirs are in dispute over the property, profess lack of confidence in the honesty of each other, engage in mutual recriminations and accusations of obtaining or attempting material advantage from the estate and are unwilling to agree that an impartial person shall administer the property, the

court is justified in holding the nominee of any of them "unsuitable" because his appointment could hardly fail to provoke suspicion, cause dissension and incite probable litigation to the injury of the estate. The disadvantages of such appointment are here increased because the estate now consists substantially only of the property in which Leo, one of the contenders, has a personal interest. The appointment of a disinterested administrator harms no one and is to the advantage of all. Under the circumstances, the court had jurisdiction to appoint a disinterested administrator. *In the Matter of Estate of Thomas,* 167 Wash. 127 (8 Pac. [2d] 963, 80 A. L. R. 819) and note; *Carpenter* v. *Wood,* 131 Mich. 314.

Order affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.