*In re* MOONEY ESTATE

Docket No. 88927. Submitted June 17, 1986, at Lansing. Decided September 8, 1986.

Hugh R. Mooney, Sr., was the father of two sons, born during his marriage. He and his wife were subsequently divorced and she remarried, to a man named Ralph T. Hanna. In 1974, the two sons were legally adopted by Mr. Hanna. Mr. Mooney died in 1984, leaving a will dated June 2, 1972, which left the residue of his estate, totalling $177,609.88, in trust for the benefit of the two sons. The corpus of the trust is to be distributed to his sons when the youngest reaches the age of twenty-four years. The Department of Treasury calculated the Michigan inheritance tax on the basis that the sons were not entitled to preferential tax treatment as members of the family of Mr. Mooney, reasoning that their adoption by Mr. Hanna severed the family relationship between Mr. Mooney and the sons. The National Bank of Detroit and Grace Hanna, co-personal representatives of the estate of Hugh R. Mooney, Sr., requested that the Jackson County Probate Court review the inheritance tax assessment. The court, Kevin J. Daly, J., ordered the Department of Treasury to recompute the inheritance tax on the basis that the two sons were entitled, as lineal descendants of the decedent, to exemptions and tax rates provided the preferred class under the inheritance tax act. The Department of Treasury appealed.

The Court of Appeals *held:*

The inheritance tax act specifically includes lineal descendants of a decedent within the category of beneficiaries entitled to preferential inheritance tax treatment. The fact that the sons were adopted by someone else does not alter the fact that they are lineal descendants of the decedent. The probate court

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 11 *et seq.*

Children of adopted child, or adopted children of natural child, as "lineal descendants" within provisions of inheritance, succession, or state tax statutes respecting exemption and tax rates. 51 ALR2d 854.

correctly concluded that the sons were entitled to preferential tax treatment.

Affirmed.

TAXATION — INHERITANCE TAX — ADOPTION.

A child who has been adopted out by his or her natural parent remains a lineal descendant to that parent and is entitled to preferred inheritance tax treatment on any bequest received from that parent (MCL 205.202, 710.60; MSA 7.562, 27.3178[555.60]).

*Best, Arnold, Gleeson, Best & Schmucker, P.C.* (by *Benjamin J. Glasgow*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistant Attorneys General, for respondent.

Before: SHEPHERD, P.J., and J. H. GILLIS and MACKENZIE, JJ.

SHEPHERD, P.J. Respondent Department of Treasury appeals from a Jackson County Probate Court order requiring respondent to recompute the inheritance tax assessment on the estate of the decedent, Hugh Robert Mooney, Sr., to give Mooney's natural sons, the sole beneficiaries of decedent's estate, preferential tax treatment under MCL 205.202; MSA 7.562. We affirm, holding that a child who has been adopted out by its natural parent remains a lineal descendant entitled to preferred inheritance tax treatment under MCL 205.202; MSA 7.562.

The decedent was the natural father of two sons, Hugh and James, born during his marriage to Grace Hanna. The parents later divorced and the mother married Ralph T. Hanna, who adopted the two boys in 1974. On November 29, 1984, decedent died leaving a will dated June 2, 1972, which left

the residue of his estate, totalling $177,609.88, in trust for the benefit of Hugh and James. The will provides that the corpus is to be distributed to his sons when the youngest reaches the age of twenty-four years.

Respondent calculated the Michigan inheritance tax on the basis that Hugh and James Hanna were not entitled to preferential tax treatment under subsections 2(1) and (3) of the taxation of inheritances act because they were adopted out by decedent. MCL 205.202; MSA 7.562. The probate court held that although Hugh and James had been adopted by their stepfather, they nonetheless remained lineal descendents of decedent and their bequests were therefore subject to preferential tax treatment. Under the court's ruling, the two sons were considered "class A" beneficiaries and thus the bequest was taxed at a lower rate under subsections 2(1) and (3).

The issue on appeal is whether the natural sons of the decedent are entitled to preferred status under the inheritance tax statute in light of their adoption by their stepfather. MCL 205.202; MSA 7.562 creates two classes of persons for inheritance tax purposes, so-called "class A" and "class B" beneficiaries. Class A beneficiaries are granted a tax exemption on the first $10,000 devised and the excess above $10,000 is taxed at a lower rate than applicable to class B beneficiaries. MCL 205.202(1) and (3); MSA 7.562(1) and (3). Class A is composed of those persons with a certain relationship to the decedent (grandparents, parents, spouse, children, sons and/or daughters-in-law) and includes "lineal descendant[s] of the decedent grantor" and "person[s] to whom the decedent grantor . . . stood in the mutually acknowledged relation of a parent . . . ." MCL 205.202(1). Other beneficiaries i.e., those without the requisite relationship to the

decedent grantor as set forth in the statute, are considered class B beneficiaries and are taxed at a higher rate. MCL 205.202(5); MSA 7.562(5).

Subsection 1 identifies the persons deemed class A beneficiaries. It states:

> Where the persons entitled to a beneficial interest in the property are the grandfather, grandmother, father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, or to or for the use of a child or children adopted in conformity with the laws of this state or another state or country, of the decedent grantor, donor, or vendor, or for the use of a person to whom the decedent grantor, donor, or vendor stood in the mutually acknowledged relation of a parent, if the relationship began at or before the child's seventeenth birthday and continued until the death of the decedent grantor, donor, or vendor, or to or for the use of a lineal descendant of the decedent grantor, donor or vendor, the transfer of property of the clear market value of $10,000.00 is exempt from all taxation under this act.

The precise legal question raised is whether Hugh and James Hanna, the natural children of the decedent, are considered "lineal descendants of the grantor" even though they were adopted by their stepfather. We conclude that Hugh and James Hanna are lineal descendants of the grantor as that term is commonly defined. A "lineal descendant" is not a new expression to the law or of doubtful import. It has a fixed and settled meaning, describing blood relatives in the direct line of descent. *In re Smith Estate,* 343 Mich 291, 298; 72 NW2d 287 (1955). As the devisees are lineal descendents, they are class A beneficiaries under the inheritance tax statute.

Respondent disagrees with this conclusion. It

argues that § 2(1) of the taxation of inheritances act must be considered in pari materia with § 60(2) of the Michigan Adoption Code, MCL 710.60; MSA 27.3178(555.60). Section 60(2) provides that an adopted person shall become an heir-at-law of the adopting parent and shall no longer be an heir-at-law of the parent whose rights have been terminated. Thus had decedent died intestate, his two natural sons would not have inherited from his estate. Respondent argues that all of the persons listed as class A beneficiaries in the taxation of inheritances act are heirs-at-law and would be heirs under an intestate estate and, since Hugh and James have been removed as heirs-at-law under § 60(2) of the Adoption Code, they are therefore not within the class intended by the Legislature to obtain preferential treatment.

We disagree with respondent's reasoning. Section 2(1) identifies various persons in particular relationships to the decedent as class A beneficiaries. It does not state that these persons must also be heirs-at-law. Instead it simply sets forth separate categories of beneficiaries entitled to the class A designation, including "lineal descendants." It is a fundamental rule of statutory construction that "[i]f the language of [a] statute is clear, it is assumed that the Legislature intended the plainly expressed meaning, and the statute must be enforced as written." *Bailey v DAIIE,* 143 Mich App 223, 225; 371 NW2d 917 (1985). Section 2(1) clearly includes lineal descendents and Hugh and James are lineal descendents of decedent. Their adoption by their stepfather cannot alter this biological relationship. Thus, the probate court correctly concluded that these beneficiaries were entitled to preferential tax treatment under subsections 2(1) and (3). We do not find this result absurd or unreasonable because of their similar status as

class A beneficiaries under their stepfather's estate if they should inherit from him. Section 2 does not limit the number of times a particular beneficiary may benefit by class A status. A single beneficiary could benefit repeatedly by the preferred status with respect to different decedents, qualifying repeatedly in different categories of even the same one. Accordingly, we affirm the probate court's order that Hugh and James Hanna be taxed at the lower rate under subsections 2(1) and (3).[1]

Affirmed.

---

[1] Although this is a matter of first impression in Michigan, other states have reached the same result. See *People v Estate of Murphy,* 29 Colo App 195; 481 P2d 420 (1971); *In re Estate of Cottrell,* 15 Cal App 3d 88; 92 Cal Rptr 923 (1971).