*In re* ESTATE OF HUTTON

Docket No. 117175. Submitted May 8, 1991, at Detroit. Decided September 16, 1991, at 9:35 A.M.

Julie Stanton petitioned the Macomb County Probate Court for appointment as personal representative of the estate of her deceased father, Robert Hutton, who died intestate. Josine Hutton, the decedent's wife, objected and requested that she be appointed . The court, James F. Nowicki, J., appointed Stanton after finding Hutton unsuitable. Hutton appealed.

The Court of Appeals *held:*

1. The court did not err in finding Hutton unsuitable to serve as personal representative of the estate on the basis of the dormant status of the marriage at the time of the decedent's death and the circumstances surrounding the separation of Robert and Josine Hutton.

2. The court did not err in admitting testimony by Stanton regarding statements allegedly made by Josine Hutton. The statements were not hearsay and were admissible as admissions by a party-opponent.

3. Josine Hutton did not object to the admission of evidence of appearance tickets allegedly issued to her for loitering and impeding traffic and, therefore, did not preserve the issue for review.

Affirmed.

EXECUTORS AND ADMINISTRATORS — SPOUSES — PREFERENCE TO AP-
    POINTMENT — INCOMPETENCY — UNSUITABILITY.

A surviving spouse has priority over all other relatives who wish to be appointed personal representative of the estate of an intestate decedent; the priority is not absolute, however, and where the surviving spouse is incompetent or unsuitable, another interested person may be appointed; incompetence or unsuitability may be shown by evidence of unsound mind, lack of normal understanding or average intelligence, intemperance, dishonesty or want of integrity, or dissolute habits or other

REFERENCES

Am Jur 2d, Executors and Administrators §§ 164, 169, 173, 201, 205, 210.

See the Index to Annotations under Executors and Administrators.

disqualifying moral delinquencies; the burden of proof lies with the person challenging the competency or suitability (MCL 700.116[1][a],[c]; MSA 27.5116[1][a],[c]).

*J. Michael Hill, P.C.* (by *Robert J. Constan*), for Josine Hutton.

*Thomas C. Miller,* for Julie Stanton.

Before: REILLY, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

MICHAEL J. KELLY, J. Josine Hutton appeals as of right the probate court's appointment of Julie Stanton as personal representative of the estate of Robert Hutton, deceased. Josine Hutton was the deceased's wife, and Julie Stanton his daughter.

Robert Hutton died intestate on January 13, 1989. He was survived by his wife, two daughters, and a sister. Julie Stanton filed a petition for commencement of proceedings to probate the estate, and requested appointment as personal representative of the estate. The decedent's sister and his other daughter both consented to the appointment. Josine Hutton, however, filed objections to the appointment and requested that the court instead appoint her as the personal representative. Hutton claimed priority under MCL 700.116(1)(a); MSA 27.5116(1)(a) as wife of the deceased. Stanton filed a response to Hutton's objections and request, asserting that Hutton was unsuitable to administer the estate. Following an evidentiary hearing, the probate court agreed that Hutton was unsuitable, and appointed Stanton to serve as the personal representative. From that ruling, Hutton appeals.

The first issue raised is whether the probate court erred in finding Hutton unsuitable to serve as personal representative of the estate.

MCL 700.116(1)(a); MSA 27.5116(1)(a) creates priority in the surviving spouse amongst all other relatives who wish to be appointed personal representative of the estate of an intestate decedent. However, the priority is not absolute. If the surviving spouse is incompetent or unsuitable, then administration of the estate may be granted to another interested person. MCL 700.116(1)(c); MSA 27.5116(1)(c). Incompetence or unsuitability may be shown by evidence of unsound mind, lack of normal understanding or average intelligence, intemperance, dishonesty or want of integrity, dissolute habits or other disqualifying moral delinquencies. *In re Abramovitz' Estate,* 278 Mich 271, 274-275; 270 NW 294 (1936). The burden of proof lies with the party challenging the competency or suitability. *Id.,* p 274.

In the present case, Hutton testified that she and the decedent married in 1981, separated nearly two years later, and, aside from a two-month reconciliation in 1984, never again lived together. Hutton was thirty-four years younger than the decedent and had a two-month-old child at the time of their marriage. The child was not the decedent's. Hutton also testified that she currently had a two-year-old daughter whom the decedent did not father. Stanton presented numerous misdemeanor tickets issued in Hutton's name for loitering and impeding traffic, an offense commonly associated with prostitution. Hutton argued that all but one of the tickets was actually issued to her sister, who used Hutton's name as an alias. Lastly, Hutton admitted that she suffered from a drug addiction from 1979 through 1986.

On the basis of the dormant status of the marriage at the time of the decedent's death and the circumstances surrounding the separation, we conclude that the probate court did not err in finding

Hutton unsuitable to serve as personal representative of the estate.

The second and final issue raised is whether the probate court erred in admitting into evidence the appearance tickets Hutton allegedly had been issued and hearsay statements she allegedly made.

Hutton argues that the probate court erred in permitting Stanton to testify regarding statements allegedly made by Hutton. We find, however, that the statements were not hearsay and were admissible as admissions by a party-opponent. MRE 801(d)(2). In any event, the challenged testimony was cumulative to Hutton's own testimony and, thus, was harmless even if improperly admitted.

Hutton also argues that the appearance tickets were inadmissible hearsay, and that they did not meet the requirements of MRE 609. However, the record is devoid of any objection to the admission of this evidence. We therefore find that the issue was not properly preserved for our review. *People v Rau,* 174 Mich App 339, 341; 436 NW2d 409 (1989).

Affirmed.