202 Mich. App. 588 (1993)
509 N.W.2d 858
In re RENAUD ESTATE
BOLING
v.
RENAUD
Docket No. 145364.
Michigan Court of Appeals.
Submitted March 3, 1993, at Detroit.
Decided December 6, 1993, at 9:10 A.M.
Robert M. Craig, for Francine Renaud.
Hurwitz, Karp, Wallach & Gantz, P.C. (by Miles A. Hurwitz and Raymond H. Salliotte), for Lorie Boling.
Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.
CAVANAGH, P.J.
Appellant appeals as of right a probate court order denying her claim to a share in the proceeds from a wrongful death action held in her natural father's estate. Appellant argues that she is a "descendant" under the wrongful death act, MCL 600.2922(3)(a); MSA 27A.2922(3)(a), and that even though her adoption would prevent her from claiming under the laws of intestate succession, MCL 700.110; MSA 27.5110, it does not pose a similar bar under the wrongful death act. We disagree.
On November 14, 1990, Robert E. Renaud, Sr., was killed in an automobile accident. A wrongful death action was filed, and settlement was reached between the insurer of the automobile in which the decedent was a passenger and the decedent's personal representative. The decedent was survived by five children, including the appellant, who had been adopted by her mother's new husband.
With respect to appellant's argument, we do not *590 believe it was the intent of the Legislature to create a class of recipients under subsection 3(a) of the wrongful death act that would not also be entitled to take under our laws of intestacy.
The original wrongful death act in Michigan was enacted in 1848 and provided that any recovery would be distributed "in relation to the distribution of personal property, left by persons dying intestate." 1848 PA 38.
From 1939 until 1985, the wrongful death statute defined the members of the class entitled to share in the distribution of wrongful death proceeds as those "who, by law, would be entitled to inherit the personal property of the deceased had he died intestate." MCL 600.2922(2); MSA 27A.2922(2). In an attempt to reconcile this definition with the phrase "next of kin," which appeared a number of times in the statute, this Court concluded that, "apart from the surviving spouse, no person not next of kin [the nearest blood relatives] to the decedent may participate in an administrator's action under the statute." Crystal v Hubbard, 92 Mich App 240, 249; 285 NW2d 66 (1979). Consequently, the right to seek damages for wrongful death was limited by this Court to the actual heirs at law, the surviving next of kin who would be entitled to inherit pursuant to the laws of descent and distribution.
On review, the Supreme Court reversed our decision after finding that the class was one of potential heirs of the intestate's property, not actual heirs only identifiable at the time of the decedent's death. Crystal v Hubbard, 414 Mich 297, 314-316; 324 NW2d 869 (1982).
In addressing the decision in Crystal, the Legislature expressed its concern that that decision "expanded the class of persons entitled to recover beyond what is reasonable, and what attorneys *591 and courts can reasonably handle." House Legislative Analysis, HB 4486 and 4487, July 22, 1985. Apparently, in responding to this concern, § 2922(3)(a) was amended to limit those entitled to damages to the "deceased's spouse, children, descendants, parents, grandparents, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased."
In our opinion, the intent of the Legislature in enacting § 2922(3)(a) was to strike a compromise between a class made up of actual heirs at law and one comprised of potential heirs at law. In doing so, we believe that § 2922(3)(a) divided the class of all potential heirs under the laws of intestate succession into two distinct groups: the first group consisting of the spouse, children, descendants, parents, grandparents, brothers, and sisters, if surviving; and the second group consisting of all others who could take under the laws of intestacy. Our opinion is based on the history of the wrongful death act, which is filled with references to intestate succession and on what we interpret as the legislative response to the Crystal decision. It would not be proper to define any of the terms in § 2922(3)(a) of the wrongful death act without taking into account the laws of intestate succession.
Affirmed.
GRIFFIN, J., concurred.
JANSEN, J. (dissenting).
I respectfully dissent. Contrary to the conclusion of the majority, I do not believe that "it was the intent of the Legislature to create a class of recipients under subsection 3(a) of the wrongful death act that would not *592 also be entitled to take under our laws of intestacy." Ante at 590. Neither the legislative history nor a plain reading of the wrongful death statute compels such a result.
Although it is true that appellant could not recover as an heir pursuant to MCL 700.110(3); MSA 27.5110(3) because she had been adopted, she was still a lineal descendant of the decedent. Therefore, appellant should be allowed to collect wrongful death proceeds pursuant to subsection 3(a) of the wrongful death statute as a descendant.
I find the reasoning and holding of In re Mooney Estate, 154 Mich App 411; 397 NW2d 329 (1986), to be persuasive. In Mooney at 412, this Court held that a child who has been given up for adoption remains a lineal descendant of its natural parent and is entitled to preferred inheritance tax treatment pursuant to MCL 205.202; MSA 7.562. In Mooney at 414-415, this Court concluded that the natural children were considered to be the lineal descendants of the decedent even though the children were adopted by the stepfather because the adoption could not alter the biological relationship between the children and their natural father. This Court specifically rejected the claim by the Department of Treasury that because the decedent died intestate, the two natural children could not inherit as heirs pursuant to the Adoption Code and the children were therefore not within the class intended by the Legislature to obtain preferential tax treatment.
Like this Court in Mooney, I believe that appellant in the instant case is a descendant under subsection 3(a) of the wrongful death statute under a plain reading of that statute. Moreover, the legislative history of the wrongful death statutory amendments does not compel the majority's result. *593 The House Legislative Analysis, HB 4486 and 4487, July 22, 1985, states the following:
While the decision [of Crystal v Hubbard, 414 Mich 297; 324 NW2d 869 (1982)] effectively allows almost any relative who suffers a loss to sue to recover damages, there is concern that it expanded the class of persons entitled to recover beyond what is reasonable, and what attorneys and courts can reasonably handle. What is needed is a clearer definition of those entitled to recover damages in a wrongful death action, which reflects both kinship and suffering due to the loss of a loved one.
* * *
The Crystal decision made the class of persons entitled to recover damages too large and unwieldy. The bills resolve this problem by stating exactly who may recover damages for the wrongful death of another. More importantly, the bills recognize that the purpose of the wrongful death statute is to allow those who suffer a loss to recover for that loss.
In amending the wrongful death statute, and in purposely limiting the class of persons entitled to recover wrongful death proceeds, the Legislature still used the term "descendant" as part of the class of persons who could recover wrongful death proceeds. Thus, the legislative history does not compel the conclusion that appellant, an adopted child, could not recover wrongful death proceeds, especially in considering the Legislature's stated purpose behind the wrongful death statute: "to allow those who suffer a loss to recover for that loss." Surely, the loss of appellant's natural father is included within that stated purpose.
Accordingly, I would reverse the probate court's order denying appellant a claim in the share of the wrongful death proceeds of her natural father's estate and remand for the probate court to *594 include appellant in the class of recipients and distribute the wrongful death proceeds in a fair and equitable manner. MCL 600.2922(6); MSA 27A.2922(6).