## *In re* WELSCH ESTATE

Docket No. 145038. Submitted December 22, 1993, at Lansing. Decided March 7, 1994, at 9:15 A.M.

John C. Neeb, II, as personal representative of the estate of Lydia A. Welsch, deceased, filed a petition in the Huron County Probate Court, seeking a determination of the status for inheritance tax purposes of Elizabeth A. Pease, the decedent's niece, and Michael W. Pease, Elizabeth's son and the decedent's grandnephew. Following hearings, the court, David L. Clabuesch, J., entered an opinion and order finding that Elizabeth and the decedent had a mutually acknowledged parent and child relationship but that Michael and the decedent did not. The court therefore ruled that Elizabeth could, but Michael could not, claim an exemption from inheritance tax pursuant to MCL 205.202(1); MSA 7.562(1). The petitioner appealed from the determination regarding Michael.

The Court of Appeals *held:*

There is adequate support for the court's finding that Michael and Lydia did not have a mutually acknowledged parent and child relationship. The court properly concluded that Michael is not entitled to an exemption under MCL 205.202(1); MSA 7.562(1) for his relationship with Lydia.

Affirmed.

TAXATION — INHERITANCE TAX — EXEMPTION — PARENT AND CHILD RELATIONSHIP.

Absent a mutually acknowledged parent and child relationship, a grandnephew of a decedent is not entitled to a personal exemption from inheritance tax with respect to property inherited from the dededent's estate (MCL 205.202[1]; MSA 7.562[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Daniel M. Greenberg,* Assistant Attorneys General, for the Department of Treasury.

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 194-205.

See ALR Index under Inheritance and Estate Taxes.

*John C. Neeb, II,* for the petitioner.

Before: SHEPHERD, P.J., and McDONALD and JAN-
SEN, JJ.

SHEPHERD, P.J. This is an appeal from an Au-
gust 22, 1991, order of the probate court determin-
ing that the decedent's niece could, but the dece-
dent's grandnephew could not, claim an exemption
from inheritance tax pursuant to MCL 205.202;
MSA 7.562. We affirm.

Elizabeth Pease is the niece of the decedent,
Lydia Welsch. Elizabeth was raised by Lydia from
the age of eighteen weeks, when Elizabeth's
mother died.[1] Elizabeth continued to live with
Lydia until Lydia died in 1990. For purposes of
this appeal, it is undisputed that Elizabeth and
Lydia had a mutually acknowledged parent and
child relationship.

Michael Pease is Elizabeth's natural son. Mi-
chael's natural father is William Warren Pease. A
sailor, Michael's father was gone nine or ten
months out of the year. Michael lived in the same
house with Elizabeth and Lydia while growing up.

While it is undisputed that Michael is Eliza-
beth's biological son, Michael had an unusually
close, nurturing relationship with Lydia. Primar-
ily, it was Lydia who took care of Michael as an
infant. Later, growing up, it appears that Michael
would go first to Lydia with personal matters; and,
Lydia took Michael to doctors appointments and
school conferences. However, Michael introduced
Lydia to school officials as his aunt. And, Elizabeth
signed Michael's permission slips for school.

Until Michael was six years old, he called Eliza-
beth "Betty." Thereafter, Michael started referring
to Elizabeth as his mother. Although Michael

[1] Elizabeth's father died when she was seven years old.

typically called Lydia by her first name, he would sometimes refer to her as his "other mother." In Lydia's will, dated December 1988, Michael was referred to as Lydia's "grandnephew." However, in an affidavit signed within ten months of Lydia's death, she stated that she "maintained the relationship of parent of Michael" since his birth.

The sole issue in this case of first impression is whether Michael Pease, as a beneficiary of Lydia's estate, can claim a class A exemption from inheritance tax pursuant to MCL 205.202(1); MSA 7.562(1). That statute provided as follows during the period relevant to this case:

> Where the persons entitled to a beneficial interest in the property are the grandfather, grandmother, father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, or to or for the use of a child or children adopted in conformity with the laws of this state or another state or country, of the decedent grantor, donor, or vendor, or for the use of a person to whom the decedent grantor, donor, or vendor stood in the mutually acknowledged relation of a parent, if the relationship began at or before the child's seventeenth birthday and continued until the death of the decedent grantor, donor, or vendor, or to or for the use of a lineal descendant of the decedent grantor, donor, or vendor, the transfer of property of the clear market value of $10,000.00 is exempt from all taxation under this act. [MCL 205.202(1); MSA 7.562(1).]

MCL 205.202(1); MSA 7.562(1) establishes a personal exemption from inheritance tax where there is a mutually acknowledged parent and child relationship.[2]

---

[2] MCL 205.202(1); MSA 7.562(1) has recently been amended. However, there has been no substantive change in the provision requiring

As noted above, the court found that Elizabeth had a mutually acknowledged parent and child relationship with Lydia under MCL 205.202(1); MSA 7.562(1). However, the court did not extend a similar exemption to Michael. With respect to Michael, the court opined:

> Most disturbing to the Court is the fact that this transaction appears to be an effort to bootstrap Michael into Class A status. It does not seem logical to the Court that Michael should be able to claim to co-exist in a mutually acknowledged relationship with his great aunt, while still acknowledging the relationship and living with his mother, Elizabeth. . . .
>
> As such, it is the Court's opinion that while Michael and Lydia share a significant bond . . . , the relationship was never raised to the status of a mutually acknowledged relationship and as such is not entitled to the relief sought in the petition. It is the Court's opinion taxation should be assessed as a person who is a grandnephew of the Decedent.

On appeal, we agree with the decision of the court that Michael and Lydia did not have a mutually acknowledged parent and child relationship.

As a matter of statutory construction, we note that tax exemption statutes are to be strictly construed in favor of the government. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 276; 486 NW2d 367 (1992). Thus, we must keep this rule in mind when considering the breadth of the term "mutually acknowledged" relationship.

In an opinion of the Attorney General from 1905, it was emphasized that a "mutually acknowledged" relationship required acknowledgment not

a mutually acknowledged parent and child relationship in order to qualify for an exemption.

only between the two parties, but also to the public at large. OAG, 1906, p 63 (August 16, 1905).

In the case of *In re Mooney Estate,* 154 Mich App 411, 412; 397 NW2d 329 (1986), this Court held that "a child who has been adopted out by its natural parent remains a lineal descendant entitled to preferred inheritance tax treatment under MCL 205.202; MSA 7.562." The Court further noted that the statute "does not limit the number of times a particular beneficiary may benefit by class A status." *Mooney, supra* at 416.

Appellant cites *Mooney, supra,* in support of the argument that Michael could have been in a mutually acknowledged parent and child relationship with both Elizabeth and Lydia. However, *Mooney, supra,* does not go so far as to state that a beneficiary can be in two mutually acknowledged parent and child relationships simultaneously for purposes of MCL 205.202; MSA 7.562. *Mooney, supra* at 416, only contemplates the possibility of repeated preferential treatment based upon certain relationships at different times.

Construing the exemption narrowly, *Great Lakes, supra* at 276, we believe the Legislature could not have intended to permit multiple exemptions based upon multiple, simultaneous relationships. Thus, even if Michael's parent and child relationship with Lydia was mutually acknowledged, we think that he should be denied an exemption with respect to Lydia's estate because of his simultaneous, acknowledged relationship with his biological mother, Elizabeth.

However, in the case at bar, we need only base our decision on the particular facts at hand. Here, there is adequate support for the court's finding that Michael and Lydia did not have a mutually acknowledged parent and child relationship. In her will, Lydia referred to Michael as her grand-

nephew, not as her son. Notably, Michael typically called Lydia by her first name. Further, it was Elizabeth who signed Michael's school papers. And, Michael introduced Lydia to school officials as his aunt.

Thus, we agree with the court's conclusion that Michael can not claim a class A exemption under MCL 205.202(1); MSA 7.562(1) for his relationship with Lydia.[3] While there is no doubt that their relationship was unusually close, the evidence does not support a finding that they had a mutually acknowledged parent and child relationship.

Affirmed.

---

[3] While we hold that Michael can not claim an exemption under MCL 205.202(1); MSA 7.562(1) in this case, we do not rule out the possibility that a grandnephew may be entitled to an exemption under different factual circumstances.