# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of DOUGLAS W. BALTRIP.

KELLY COSBY, Personal Representative,

Petitioner-Appellee,

v

BRANDI BALTRIP, Personal Representative,

Respondent-Appellant.

UNPUBLISHED
January 26, 2016

No. 324154
Monroe Probate Court
LC No. 2011-000709-DE

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Respondent, Brandi Baltrip, the personal representative of the estate of Douglas W. Baltrip ("decedent"), appeals as of right a probate court order appointing petitioner, Kelly Cosby, the special personal representative of the estate. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 17, 2011, decedent, who was 43 years old, was killed in an automobile accident allegedly involving alcohol. Most relevant to this appeal, he was survived by his second wife, the respondent; the petitioner, his sister; his minor children, Colton and Emma Baltrip; and Kellie Skidmore Baltrip, his first wife and the mother of his children.[1]

In December 2011, respondent was appointed personal representative of decedent's estate. Several months later, decedent's first wife (Kellie) filed an emergency petition on behalf of Colton and Emma for the removal of respondent as personal representative, for the appointment of a special personal representative, and for other relief based on a series of claims not relevant to this appeal. In October 2012, respondent and Kellie, as the children's conservator, entered into a settlement agreement arising from Kellie's petition. Most relevant to

---

[1] In the interest of clarity, we will refer to respondent Brandi Baltrip as "respondent," petitioner Kelly Cosby as "petitioner," and the rest of the individuals by their first names in this opinion.

this appeal, the parties, in a writing, agreed that after the conditions under the agreement were satisfied, neither party would raise any additional allegations against the other, and the minor children—and Kellie as their conservator—would no longer have any interest in, or claim against, the estate or respondent as personal representative of the estate.

In June 2014, petitioner filed a petition for the appointment of a special personal representative and/or removal respondent as personal representative of the estate. This is the petition at issue in this appeal. Petitioner asserted that she was an interested person with regard to decedent's estate and sought appointment as a special personal representative in order to pursue a wrongful death action arising from decedent's death, which would likely name respondent as a defendant based on allegations concerning respondent's involvement in the accident that caused decedent's death. She also requested that the probate court remove respondent as personal representative and grant any other relief appropriate under the circumstances.[2]

Respondent subsequently opposed petitioner's petition on a variety of grounds, including that (1) petitioner did not have an interest in the estate and, therefore, lacked standing to bring the petition, and (2) the petition was barred by the doctrine of laches because petitioner was previously aware of Kellie's investigation of a potential wrongful death claim in 2012, which was found to be meritless, and the role of a potential wrongful death claim in settlement negotiations and the resulting settlement agreement between respondent and Kellie in 2012.

After holding two hearings on the petition and providing an opportunity for the parties to provide supplemental briefs, the probate court found that petitioner was an interested person with regard to a wrongful death claim. The court also concluded that, under the circumstances of this case, respondent was unable to appropriately administer decedent's estate in connection with any potential tort action that the estate may assert against her. Accordingly, it held, pursuant to MCL 700.3614(b), that appointment of a special personal representative was necessary to ensure the proper administration of a potential wrongful death claim. However, the probate court denied the petition to appoint either petitioner or Kellie as a special personal representative of the estate. Instead, "[t]he [c]ourt, on its own motion, to ensure impartiality and no real or perceived basis, appoint[ed] retired circuit Judge Michael W. LaBeau as a [s]pecial [p]ersonal [r]epresentative of the [e]state," for the limited purpose of investigating and possibly pursuing a wrongful death action.

---

[2] On August 13, 2014, Kellie filed a petition seeking the appointment of either herself or petitioner as special personal representative of decedent's estate in order to pursue a wrongful death action. In a supplemental brief, petitioner stated that she bought her petition jointly with Kellie for the appointment of a special personal representative pursuant to MCL 700.3614, as they both requested that the probate court appoint one or both of them as special personal representative of the estate for the purpose of investigating and possibly pursuing a wrongful death action against respondent and any other tortfeasors. However, the probate court denied Kellie's petition, and it is not at issue in this appeal.

At a September 26, 2014 status conference, the court informed the parties that retired Judge LaBeau declined appointment as special personal representative. The court then reconsidered its previous decision and appointed petitioner as a special personal representative for the purpose of pursuing a wrongful death action.

## II. STANDARDS OF REVIEW

We review de novo, as a question of law, the question of whether a party has standing to assert a claim. *In re Gerald L Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015). Likewise, "[i]ssues of statutory construction present questions of law that this Court reviews de novo," *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008) (citations omitted), and we generally review *de novo* a court's decision regarding whether to apply an equitable doctrine, including laches, *In re Filibeck Estate*, 305 Mich App 550, 553; 853 NW2d 448 (2014); *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013).

However, "appeals from a probate court decision are on the record, not de novo." *In re Temple Marital Trust*, 278 Mich App at 128, 141-142, citing MCL 700.1305; MCL 600.866(1); MCR 5.802(B)(1). We review the probate court's factual findings for clear error and its dispositional rulings for an abuse of discretion. *Id.* at 128. A "court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id.*

## III. STANDING TO FILE A PETITION UNDER MCL 700.3614(b)

Respondent first argues that petitioner does not qualify as an "interested person" who has standing to file a petition for the appointment of a special personal representative under MCL 700.3614(b) because petitioner is not entitled to any proceeds from a wrongful death action and, as a result, does not "ha[ve] a property right in or claim against . . . the estate of [the] decedent." MCL 700.1105(c). Respondent's claim that petitioner is not entitled to any wrongful death proceeds is based on the fact that petitioner is not entitled to any portion of decedent's estate under the laws of intestate succession, as decedent was survived by his wife and children. See MCL 700.2103. Respondent's argument has no merit.

This Court reiterated the following principles of statutory interpretation in *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541-542; 840 NW2d 743 (2013):

> The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. First, the court examines the most reliable evidence of the Legislature's intent, the language of the statute itself. When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined. Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion. The courts may not

-3-

read into the statute a requirement that the Legislature has seen fit to omit. When the Legislature fails to address a concern in the statute with a specific provision, the courts cannot insert a provision simply because it would have been wise of the Legislature to do so to effect the statute's purpose. Statutes that address the same subject matter or share a common purpose are *in pari materia* and must be read collectively as one law, even when there is no reference to one another. . . . [Quotation marks and citations omitted; alteration in original.]

The Estates and Protected Individuals Code ("EPIC"), MCL 700.1101 *et seq.*, governs the administration of estates in Michigan and applies to the appointment of a special personal representative. See MCL 700.3614. A probate court's decision to appoint a personal representative is discretionary. *In re Kramek Estate*, 268 Mich App 565, 575; 710 NW2d 753 (2005). In relevant part, MCL 700.3614 provides:

A special personal representative may be appointed in any of the following circumstances:

* * *

(b) By the court on its own motion or in a formal proceeding by court order on the petition of an interested person if in either case, after notice and hearing, the court finds that the appointment is necessary to preserve the estate or to secure its proper administration, including its administration in circumstances in which a general personal representative cannot or should not act. If it appears to the court that an emergency exists, the court may order the appointment without notice. [MCL 700.3614(b).]

"Interested person" is defined, for purposes of the EPIC, as follows:

(c) "Interested person" or "person interested in an estate" includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. Identification of interested persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, and by the supreme court rules. [MCL 700.1105(c).]

As an initial matter, it is significant to note that respondent's argument regarding petitioner's standing is inconsequential, especially given that respondent herself claims in her brief on appeal that the probate court appointed petitioner as special personal representative on its own motion, not in response to the petition filed by petitioner. While the record reveals that the probate court appointed petitioner as a special personal representative upon reconsideration of its previous denial of petitioner's petition, not on its own motion, the probate court was, in fact, statutorily authorized to appoint a special personal representative on its own motion if it concluded that such an appointment was necessary. MCL 700.3614(b).

-4-

Nevertheless, we conclude that petitioner has standing under MCL 700.3614(b) as an interested person to file the petition at issue. The wrongful death act, MCL 600.2922, provides, in pertinent part, that the following individuals may be entitled to proceeds from a wrongful death action:

> (3) Subject to . . . MCL 700.2802 to 700.2805, the person or persons who may be entitled to damages under this section shall be limited to any of the following who suffer damages and survive the deceased:

> (a) The deceased's spouse, children, descendants, parents, grandparents, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased. [MCL 600.2922(3)(a).]

In support of her position, respondent relies on *In re Renaud Estate*, 202 Mich App 588, 589; 509 NW2d 858 (1993), in which this Court concluded that "it was [not] the intent of the Legislature to create a class of recipients under subsection 3(a) of the wrongful death act that would not also be entitled to take under our laws of intestacy." *Id*. 589-591. Likewise, this Court reiterated at the end of its opinion that "[i]t would not be proper to define any of the terms in § 2922(3)(a) of the wrongful death act without taking into account the laws of intestate succession." *Id*. at 591.

Contrary to respondent's claims, *In re Renaud* only dictates that the laws of intestate succession shall be used to determine whether an individual falls under the categories delineated under MCL 600.2922(3). The Court's conclusion and reasoning does not require that an individual must actually be entitled to inherit a portion of the estate under the laws of intestacy in order to be entitled to wrongful death proceeds as a spouse, child, descendant, parent, grandparent, brother, or sister. See *In re Renaud Estate*, 202 Mich App at 589-591; see also *Claim of Turner*, 209 Mich App 66, 69; 530 NW2d 487 (1995), rev'd on other grounds 454 Mich 863 (1997).

Moreover, respondent's argument is contrary to the plain language of MCL 600.2922(3)(a). See *Book-Gilbert*, 302 Mich App at 541-542. Subsection (3)(a) first delineates several categories of individuals who may be entitled to wrongful death proceeds without qualification. It subsequently states that individuals entitled to damages under the wrongful death act then should be determined by ascertaining to whom the estate actually passes under the laws of intestate succession *only if* none of the aforementioned categories of individuals survive the deceased. Given this differentiation, it appears that it is only necessary to determine who actually takes under the laws of intestate succession if "[t]he deceased's spouse, children, descendants, parents, grandparents, brothers and sisters" all predecease the decedent.

This conclusion is further confirmed by the language of MCL 600.2922(6), which governs the distribution of proceeds from a wrongful death action, and MCL 700.3924, which applies to the distribution of proceeds following the settlement of a wrongful death claim. Neither statute provides that individuals actually entitled to a portion of the estate under the laws of intestate succession are the only individuals who may be entitled to proceeds from a wrongful

death action. Instead, MCL 600.2922(6)(d) and MCL 700.3924(2)(d) both provide that a trial court shall enter an order distributing the proceeds to (1) the individuals designated under MCL 600.2922(3)(a) who suffered damages in an amount that is fair and equitable in light of the damages sustained by each person and (2) to the estate in an amount that is fair and equitable based on the amount of damages sustained by the estate. See also *McTaggart v Lindsey*, 202 Mich App 612, 615; 509 NW2d 881 (1993) (stating same).

Therefore, as sister of the decedent, there still was a possibility that petitioner could be entitled to damages under MCL 600.2922(3)(a). As such, petitioner was an "interested person," as defined under MCL 700.1105(c), and had standing to file a petition for the appointment of a special personal representative under MCL 700.3614(b) for the purpose of pursuing a wrongful death action.

Further, even if we assume, arguendo, that petitioner did not have standing to bring a petition for the appointment of a special personal representative under MCL 700.3614(b) because she was not entitled to a portion of the estate under the laws of intestate succession, see MCL 700.2101; MCL 700.2103, the purported error is harmless under the circumstances of this case. See MCR 2.613(A); *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 529; 730 NW2d 481 (2007) ("[A]ny error in this respect was not decisive to the outcome, and we will not reverse on the basis of harmless error."), lv gtd in part 480 Mich 910 (2007). The probate court specifically stated that it was reconsidering its previous decision on its own motion in light of the conclusions of retired Judge Labeau. Given the court's statements, it is apparent that it believed that the appointment of a special personal representative was necessary and in the best interests of the estate. As such, the probate court's act of reconsidering its previous decision on petitioner's petition was, in essence, equivalent to appointing a special personal representative on its own motion, as permitted under MCL 700.3614(b).

## IV. DOCTRINE OF LACHES

Next, respondent argues that the petition should have been barred by the doctrine of laches. We disagree.

Even if we accept, for the sake of argument, respondent's claims regarding petitioner's knowledge of a potential wrongful death claim in 2012, and the role of the potential wrongful death claim in the negotiations between respondent and Kellie with regard to the 2012 settlement agreement, respondent has failed to establish that the doctrine of laches bars the petition in this case.

The doctrine of laches only is "applicable in cases in which there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in prejudice to a party." *Pub Health Dep't v Rivergate Manor*, 452 Mich 495, 507; 550 NW2d 515 (1996); see also *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 457; 761 NW2d 846 (2008) ("For laches to apply, inexcusable delay in bringing suit must have resulted in prejudice."). Accordingly, the primary focus of laches is "the *effect* of delay." *Lothian v City of Detroit*, 414 Mich 160, 168; 324 NW2d 9 (1982) (quotation marks and citation omitted). "As a general rule, [w]here the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot * * * be

recognized." *Peabody v DiMeglio*, 306 Mich App 397, 408; 856 NW2d 245 (2014) (quotation marks and citation omitted; alterations in original).

On appeal, respondent identifies two sources of prejudice arising from petitioner's delay in filing the petition: (1) "after three years of being open, continued administration [of the estate] is now required until resolution of the wrongful death lawsuit," and (2) "[respondent] wants nothing more than to close this chapter of her life and move on after the tragedy of losing her husband and undertaking the daunting task of administering his extremely complicated estate, and [petitioner's] petition prevents her from doing so."

Respondent's assertion of prejudice based on her own desire to move on with her life following the loss of her husband conflates respondent's position in the instant case. Respondent is not participating in this appeal in an individual capacity; she is participating as the personal representative of decedent's estate, meaning that her role in this case is to represent the best interests of the estate, not her own interests. See MCL 700.1212; MCL 700.3703(1); *McTaggart*, 202 Mich App at 617 ("The personal representative must use his authority in the best interest of the estate and in the interests of the parties."). Additionally, respondent, as personal representative, was granted the "chose of action" for a wrongful death claim under MCL 600.2922(2). *In re Haque Estate*, 237 Mich App 295, 309; 602 NW2d 622 (1999). Given her duty to represent the interests of the estate, her personal desire to close the estate and conclude this chapter of her life is not sufficient to demonstrate prejudice to the *estate* as a result of petitioner's delay. See *Rivergate Manor*, 452 Mich at 507.

Similarly, respondent's assertion of prejudice based on continued administration of the estate is misplaced and reflects a misguided understanding of the interests of the estate. Under Michigan law, the right of action for the wrongful death of a decedent constitutes an asset of the decedent's estate. *Grand Trunk W R Co v Kaplansky*, 270 Mich 135, 151; 258 NW 423 (1935); *Findlay v Chicago & G T R Co*, 106 Mich 700, 702; 64 NW 732 (1895). See also *In re Haque Estate*, 237 Mich App at 303 (holding "that a wrongful death cause of action constitutes 'property of the decedent' such that [the] decedent could be considered to have had an 'estate' . . . that required administration"); *In re Brown*, 229 Mich App 496, 498; 582 NW2d 530 (1998) (stating that "a possible [wrongful death action] arising from the accident constituted the estate's principal asset"); *In re McDivitt Estate*, 169 Mich App 435, 437; 425 NW2d 575 (1988). Accordingly, pursuing a viable wrongful death action is in the estate's interest, as it is a means by which the estate's assets may be increased. See *In re Haque Estate*, 237 Mich App at 309 ("[T]he wrongful death act specifically provides that wrongful death proceeds may include recovery for expenses for which a decedent's estate is liable, including medical, hospital, funeral, and burial expenses. MCL 600.2922(6)[.] . . . Further, the estate is eligible to receive damages for a decedent's conscious pain and suffering before death, thus increasing the value of the estate. MCL 600.2922(6)[.] . . ."). Cf. *In re McDivitt Estate*, 169 Mich App at 440 ("In this case, the mediation sanctions assessed against the estate in the wrongful death action resulted from litigation that was undertaken to benefit the estate by increasing its assets.").

As such, it is not logical to assert prejudice on the basis of continued administration of the estate when the reason for the continued administration is the pursuit of an asset of the estate, *i.e.*, a wrongful death claim which has the potential of increasing the value of the estate. Furthermore, there is no indication that the delay caused "*a corresponding change of material*

-7-

*condition* that result[ed] in prejudice to" the estate, as continued administration is, by definition, an extension of administration that already has been ongoing. See *Rivergate Manor*, 452 Mich at 507 (emphasis added).

Therefore, given respondent's failure to demonstrate the requisite prejudice, we reject respondent's argument that petitioner's petition is barred by the doctrine of laches.

## V. FAILURE TO PROVIDE NOTICE AND A HEARING PRIOR TO APPOINTMENT

Respondent next argues that the probate court abused its discretion when it appointed petitioner as a special personal representative because it failed to provide notice and a hearing prior to the appointment, as required under MCL 700.3614(b). We disagree.

## A. STANDARD OF REVIEW

Because respondent did not assert that she did not receive notice or a hearing in the probate court, this issue is unpreserved. See *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). We review unpreserved issues for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; ___ NW2d ____ (2015). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

## B. ANALYSIS

MCL 700.3614(b) requires that unless an emergency exists, a special personal representative may be appointed "[b]y the court on its own motion or in a formal proceeding by court order on the petition of an interested person" only after notice and a hearing are provided. Respondent characterizes the probate court's appointment of petitioner as an action taken "[b]y the court on its own motion" under MCL 700.3614(b). However, the probate court expressly stated at the September 26, 2014 hearing and in its September 26, 2014 order that it was *reconsidering*, on its own motion, its September 18, 2014 opinion and order, under which it denied petitioner's petition for the appointment of a special personal representative for the purpose of pursuing a wrongful death action. Accordingly, given the probate court's statements on the record and corresponding order, it is apparent that its ultimate decision resulted from petitioner's petition and was not on its own motion under MCL 700.3614(b).

While this distinction does not affect whether notice and a hearing are required prior to the appointment of a special personal representative under MCL 700.3614(b), it is clear, given the procedural posture of the lower court proceedings, that the notice and hearing requirements were fulfilled prior to the appointment at issue, as notice and multiple hearings were provided with regard to petitioner's petition. Likewise, respondent acknowledges that a hearing on the petition was held on July 23, 2014, and oral arguments regarding the petition were heard on September 4, 2014. Respondent also recognizes that she raised her concerns regarding petitioner's appointment as a special personal representative in her filings in response to the petition, at the hearings on the petition, and at the September 26, 2014 status conference. She does not claim a lack of notice with regard to those hearings, and the record confirms that both she and her attorneys were present at all of the hearings.

Yet, respondent claims that she was not given an opportunity to present evidence to corroborate her allegation that petitioner was discharged by respondent, in her capacity as personal representative, for misappropriating corporate funds during petitioner's management of one of decedent's businesses. However, respondent had ample opportunity to present such evidence in her initial answer and supplemental response to petitioner's petition as well as at the hearings before the probate court on the petition, and she did not do so.

Therefore, respondent has failed to establish a plain error affecting her substantial rights as to her claims regarding the lack of notice and a hearing. See *Duray Dev, LLC v Perrin*, 288 Mich App at 150.

## VI. FAILURE TO DETERMINE PETITIONER'S SUITABILITY PRIOR TO APPOINTMENT

Finally, respondent contends that the probate court appointed petitioner as special personal representative without a prior finding that petitioner was a suitable appointee. We disagree.

Contrary to respondent's claim, the probate court addressed—albeit indirectly—respondent's claim that petitioner was not suitable to serve as a special personal representative in light of respondent's allegations. In particular, it acknowledged respondent's claims regarding petitioner's strained relationship with respondent, which was related to respondent's discharge of petitioner following her alleged misappropriation of funds. However, the court ultimately concluded that its decision to appoint petitioner as a special personal representative was in the best interest of the estate.

Nonetheless, even if the court arguably failed to specifically determine whether petitioner was a suitable special personal representative, respondent has failed to establish that reversal of the probate court's decision is warranted.

Respondent relies on MCL 700.3203(2) as the basis of her ability to object to petitioner's appointment. MCL 700.3203(2) states, in relevant part, "An objection to the appointment of a personal representative may be made only in a formal proceeding." The party objecting to the appointment of a particular individual as a personal representative carries the burden establishing the unsuitability of the individual. *In re Estate of Hutton*, 191 Mich App 292, 294; 477 NW2d 144 (1991) (considering an objection to the appointment of a personal representative under a similar provision of Michigan's former probate code), citing *In re Abramovitz' Estate*, 278 Mich 271, 274; 270 NW 294 (1936) (establishing the burden of proof in light of statutory provisions of priority similar to MCL 700.3203). The Legislature has not identified the grounds that would support an objection to the appointment of a personal representative, but this Court has "conclude[d] that any ground which would justify the removal of a personal representative under MCL 700.3611(2) is equally sufficient to support an interested person's objection to the initial appointment of a personal representative under MCL 700.3203(2)." *In re Estate of Stan*, 301 Mich App 435, 446-447; 839 NW2d 498 (2013). For example, grounds justifying removal include, *inter alia*, "that [r]emoval is in the best interests of the estate, MCL 700.3611(2)(a), that the personal representative has [m]ismanaged the estate, MCL 700.3611(2)(c)(*iii*), and that the personal representative has [f]ailed to perform a duty pertaining to the office, MCL

-9-

700.3611(2)(c)(*iv*)." *In re Estate of Stan*, 301 Mich App at 446 (quotation marks omitted; alterations in original).

However, MCL 700.3615, not MCL 700.3203, governs who may be appointed as a special personal representative.[3] Nevertheless, even if we assume, without deciding, that respondent was able to raise an objection as provided under MCL 700.3203(2), respondent is not entitled to relief.

If the probate court concluded that petitioner had misappropriated corporate funds with regard to one of decedent's business, appointment of petitioner as a special personal representative arguably would have been contrary to the best interests of the estate. See MCL 700.3611(2); *In re Estate of Stan*, 301 Mich App at 446. Respondent argues that the probate court's failure to provide notice and a hearing on the matter prior to the appointment prevented her from presenting evidence relevant to the alleged misappropriation and whether petitioner was a suitable special personal representative. However, as explained *supra*, the court did provide notice and multiple hearings. Despite the fact that respondent was present and represented by counsel at two hearings on petitioner's petition, and actually submitted two filings to the court in response to petitioner's petition, respondent never presented any evidence regarding petitioner's purported unsuitability, never requested an additional hearing to offer evidence in support of her allegation concerning the misappropriation of corporate funds, nor ever filed a formal objection to petitioner's appointment. Cf. *In re Estate of Stan*, 301 Mich App at 439-440, 445-448.

Further, it was not until the probate court issued its decision to appoint petitioner as special personal representative on the record at the status conference that respondent argued that petitioner's alleged misappropriation of funds constituted a basis for finding that petitioner was unsuitable to serve as a fiduciary for the estate. Her previous references to the alleged misappropriation of funds were offered in support her argument that petitioner was bringing the petition as a result of a personal vendetta against respondent due to respondent's discharge of petitioner. At that time, she did not request an additional opportunity to present evidence in support of her allegations, nor did she move for reconsideration of the probate court's decision.

Accordingly, respondent fails to carry her burden of establishing the basis of her objection to petitioner's appointment as a special personal representative. See *In re Abramovitz'*

---

[3] The Reporter's Comments to the EPIC confirms this understanding of the statutory scheme. "While not binding, the Reporter's Comments to the EPIC aid in the interpretation of a statute or rule." *In re Conservatorship of Bittner*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 320688); slip op at 8 (quotation marks and citation omitted). The commentary to MCL 700.3203 provides, in relevant part:

> Sections 3203 and 3204 operate together and must be read together in many instances. They state the priorities for appointment as general personal representative. They, [sic] do not apply, however, to the appointment of a special personal representative under MCL 700.3614. [*Estates & Protected Individuals Code with Reporters' Commentary* (ICLE, 2015 ed), p 82.]

*Estate*, 278 Mich at 274; *In re Estate of Hutton*, 191 Mich App at 294. Therefore, even if the probate court arguably failed to consider petitioner's suitability prior to her appointment, the court's failure to do so was harmless given the lack of evidence in the record which would support a finding that petitioner was unsuitable to serve as a special personal representative. See MCR 2.613(A); *Ypsilanti Fire Marshal*, 273 Mich App at 529.

## VII. CONCLUSION

Respondent has failed to establish that reversal of the probate court's order appointing petitioner as a special personal representative is appropriate in this case.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

-11-